ALONZO COOK *et. al.*, appellants, *v.* JOHN H. FOSTER, for the use of Nathan F. Corbin, appellee.

## *Appeal from Lake.*

The basis of an action of trespass to real property, is an injury to the possession. No person is entitled to recover damages for the injury, but the one who has the actual or constructive possession of the land. The real owner, where there is no adverse possession, can maintain the action, on the principle, that the possession in such case follows the ownership. Where there is an adverse possession, the owner is not entitled to bring this kind of action.

The English doctrine in relation to real estate is, that there can be no adverse possession against the Crown; nor against its grantee, until there be a new entry after the grant. An entry on lands belonging to the Crown is held not to be a disseizin, but a mere intrusion on the King's possession. His possession is not thereby divested, but in legal contemplation still continues. The King not being disseized by the entry, his conveyance of the freehold is good, and his grantee is seized by virtue of it. The grantee succeeds to the right of the Crown, and cannot be disseized without another entry after the conveyance. The individual making the original entry acquires no new right by the conveyance, but only continues his old interest, and remains an intruder still, liable to be sued in trespass.

The English doctrine in relation to real estate is applicable to the Government of the United States. It possesses the same rights of sovereignty and prerogative in respect to the public lands. By the right of eminent domain, it is the absolute and exclusive owner of all the public lands, which it has not alienated or appropriated. It is seized of them to as full an extent as the British Government can be of its domain. It cannot be disseized. No adverse possession is created by an entry upon its lands. Possession, thus acquired, can never ripen into a right, nor authorize any defence against the Government. The Government may treat the person thus in possession as an intruder, and sue him in trespass.

On the sale of lands by the United States, the Patent transfers to the purchaser the entire legal estate and seizin to as full an extent as the Government held them.

TRESPASS in the Lake Circuit Court, brought by the appellee against the appellants, and heard before the Hon. Richard M. Young and a jury at the September Term 1844. Verdict and judgment for the plaintiff below for $45.

*D. J. Baker*, for the appellants.

1. Neither Foster nor Corbin, having ever been in possession of the *locus in quo* or close alleged to have been trespassed upon, could maintain this action against the actual

possession of the squatter, Cook, and those who entered under him or by his permission. *Topham* v. *Dent*, Bing. 516; *Rex* v. *Watson*, 5 East, 485; Law Library, Brown on Actions, top paging, 297. Immediate possession at the time of the trespass is essential to maintain trespass *quare clausum fregit.* The allegation in the defendant's second plea, of their possession, unanswered, is conclusive evidence. Trespass to lands is an injury to possession, and actual possession must be proved. 2 Phillips' Ev. 184; 3 Starkie's Ev. 1435-6. Proof of title does not dispense with proof of actual possession. 1 Lord Raym. 367. A party must have actual and lawful possession to maintain trespass to land. *Stuyvesant* v. *Tompkins*, 9 Johns. 61; *Tompkins* v. *Stuyvesant*, 11 do. 567; *Wickham* v. *Freeman*, 12 do. 183; *Allen* v. *Thayer*, 17 Mass. 299. Unless plaintiff have actual possession at the time of alleged trespass, he cannot maintain this action. 1 Chit. Pl. 202. Possession of defendants may be given in evidence under the general issue. Do. 45, 493; *Argent* v. *Durant*, 8 Term R. 403; *Dodd* v. *Kyffin*, 7 do. 354. Although the title to lands may enable owner to maintain trespass, he cannot when there is an adverse possession. *Van Brunt* v. *Schenck*, 11 Johns. 385; 4 Day's (Conn.) R. 306; 3 Serg. & Rawle, 513. The possession was not vacant.

2. A mere quitting does not amount to an abandonment. Brown on Actions, Law Library, 338, top page—cases where publican quitted and left beer in cellar and hay in the barn. If it be known where the tenant lives, possession is not vacant. *Savage* v. *Dent*, 2 Strange, 1064.

*J. B. Thomas*, for the appellee.

Actual possession by the holder of the legal title is unnecessary to maintain trespass. *Wilcox* v. *Kinzie*, 3 Scam. 222, 224 and authorities there cited; 2 Starkie's Ev. 803, and in note (1); 3 Serg. & Rawle, 513; 12 Johns. 183; Wend. Dig. 645; 1 Harr. & Johns. 295; 10 Wend. 636, 2 Bac. Abr. 331, title "*Disseizin;*" 7 Com. Dig. title "*Trespass*," 2 (B. 2.); 3 Conn. 104.

No livery of seizin is necessary in this State. Gale's Stat. 148.

One having a right to enter and take possession, may maintain trespass against one who, being wrongfully in possession at the time of the entry, continues possession. 2 Starkie's Ev. 803; 7 Barn. & Cres. 399; 2 Hayw. 402; 1 Conn. 103.

Possession of the *locus in quo*, to protect the defendant in an action of trespass by one having title, must be such possession as would entitle him to maintain trespass against plaintiff for entering on his possession. This, a tenant at sufferance, or mere trespasser cannot do. 1 Johns. Cases, 123; 4 Johns. 150; 7 do. 1; 9 do. 35; 13 do. 235.

This must be an adverse possession, such as puts the party having the right of possession to his action of ejectment to gain possession, and which would ripen into title under the statute of limitations as against paramount title. 9 Johns. 61; 8 Cowen, 603. Thus the bargainor may recover in trespass by proving title without showing also a previous possession. 11 Johns. 377, 385; 7 Wheat. 27; 8 Johns. 262, 270; 4 Day, 298; Gale's Stat. 149, § 4.

An adverse possession is possession under color or claim of title. 8 Cowen, 603; 1 Pick. 466; 1 Dallas, 67; 3 East, 394; 2 Serg. & Rawle, 527; Angell on Watercourses, 85; 9 Johns. 179–80; 13 do. 116, 120; 10 do. 435; 16 do. 116; 18 do. 40; Ib. 355; 3 Johns. Cases, 124; 5 Cowen, 92; Ib. 350; 1 do. 609; Ib. 285; 1 Hopkins, 448; 3 Johns. Cases, 115, 117; 6 Cowen, 680; 3 Conn. 403; 2 Hayw. 104; Ib. 114; Ib. 69; Ib. 57; Ib. 134; 1 Wheat. 480; 1 Harris & McHen. 151; 1 Murph. 14.

To constitute adverse possession, it must be hostile, and claim an entire title. 5 Cowen, 92; 3 Littell, 34; 12 Mass. 327; Ib. 331. Possession by the consent of the true owner is not an adverse possession. Possession of a defendant after a sale on execution is not deemed adverse, for he becomes *quasi* a tenant at will to the purchaser. 1 Johns. 153; 4 Cowen, 576 ; 3 Mass. 128. And the possession of a tenant at will is the possession of the lessor, and a person occupying land when no terms are prescribed and without any reservation or payment of rent, is a tenant at will. 2 Caines, 169.

Title by improvement is merely a right of pre-emption

until the purchase is made from the Commonwealth.    5 Binn. 77; Bal. on Lim. (Appendix) 391.

A lessor may maintain trespass against tenant at will for voluntary waste.    7 Com. Dig. 510, title "*Trespass*," (B. 2.); 11 Mass. 519; 7 Johns. 1; 9 do. 35.

The Opinion of the Court was delivered by

TREAT J.*    This was an action of trespass *quare clausum fregit* brought by Foster against Cook and others.

The following facts appeared in evidence, on the trial in the Circuit Court.   Cook entered on the *locus in quo*, while the same belonged to the United States, and enclosed a field with rails, built a house &c.; and continued in possession thereof, until it was purchased of the Government by Foster.   After the purchase and while in possession, Cook, assisted by the other defendants, removed the house, &c.; for which this action was brought.

The jury found for the plaintiff $45.    The defendants moved for a new trial, which the Court denied.    Judgment was rendered on the verdict, to reverse which, the defendants prosecute an appeal.

The only important question in the case is, whether from the facts disclosed in the record, Foster is entitled to sustain the present action.

The principles governing the action of trespass to real property are well defined and established.    The basis of the action is an injury to the possession.    No person is entitled to recover damages for the injury, but the one who has the actual claim or constructive possession of the land.   A party having the actual and lawful possession may maintain the action.    The real owner, where there is no adverse possession, can maintain the action, on the principle, that the possession in such case follows the ownership.    Where there is an adverse possession, the owner is not allowed to bring this kind of action.

Here the owner, who has not the actual possession, institutes the action of trespass.    He is entitled to maintain it

*WILSON, C. J., did not sit in this case.

unless there be an interfering adverse possession on the part of Cook. We apprehend there is but little difficulty in determining this question.

The English doctrine in relation to real estate is, that there can be no adverse possession against the Crown, nor against its grantee, until there be a new entry after the grant. An entry on lands belonging to the Crown is held not to be a disseizin, but a mere intrusion on the King's possession. His possession is not thereby divested, but, in legal contemplation, still continues. The King, not being disseized by the entry, his conveyance of the freehold is good, and his grantee is seized by virtue of it. The grantee succeeds to the rights of the Crown, and cannot be disseized without another entry after the conveyance. The individual making the original entry acquires no new right by the conveyance, but only continues his old interest, and remains an intruder still, liable to be sued in trespass. This is the doctrine, as distinctly stated in 2 Bacon's Abridgment, 331, title "*Disseizin.*"

There can be no doubt but that the same principles are applicable to the Government of the United States. It possesses the same rights of sovereignty and prerogative in respect to the public lands. By the right of eminent domain, it is the absolute and exclusive owner of all the public lands which it has not alienated or appropriated. It is seized of them to as full an extent as the British Government can be of its domain. It cannot be disseized; no adverse possession is created by an entry on its lands. The entry is tortious, and confers no right on the person making it. Possession thus acquired can never ripen into a right, nor authorize any defence against the Government. The Government may treat the person thus in possession as an intruder, and sue him in trespass. On the sale of the lands by the United States, the Patent transfers to the purchaser the entire legal estate and seizin to as full an extent as the Government held them. We hold, therefore, that the action is maintainable.

What we have said respecting the public lands, is irrespective of the pre-emption laws. It is not insisted, in this case, that Cook entered on the land in question in reference

to those laws, or acquired any specific right in virtue of them.

Some minor questions, growing out of the giving and refusing of certain instructions, were made on the argument, but they are dismissed with the single remark, that they have been considered, and are regarded as untenable.

The judgment of the Circuit Court is affirmed with costs.

*Judgment affirmed.*