MARY COCHRAN, Appellant, *v.* JACOB WHITESIDES, Respondent.

*Ejectment—Trespass on Close.*—An action of trespass on close can only be maintained where the plaintiff is in the actual or constructive possession of the land upon which the trespass is committed. If the defendant be in the actual possession, the remedy is by ejectment, in which action plaintiff may recover damages for the waste and injury as also the rents and profits. (R. C. 1855, p. 692, § 13.) Bay, J., dissenting.

*Appeal from Lincoln Circuit Court.*

*J. B. Henderson*, for appellant.

The distinction between the different actions at law, and actions at law and suits in equity, and the forms of all such actions and suits, had been abolished by the practice act of 1849, under which this suit was brought; and although at common law the action would have been trespass, and subject to all the rules applicable to that form of action, yet under the statute the only inquiry to be made is, whether the plaintiff under the pleadings and evidence is entitled to a remedy; in other words, whether she could recover under her title to the land in dispute, for waste and damages committed by defendant in the cutting of timber, after plaintiff's title had accrued, but also after defendant had enclosed the land with fence, under claim of title. It is insisted that the plaintiff is entitled to compensation for such waste and damages notwithstanding the actual possession of defendant.

*J. O. Broadhead* and *D. C. Woods*, for respondent.

The record shows that there is really but one point involved in this case; can a person maintain an action for trespass upon land without being in possession? This court has decided that they cannot. A lessor cannot maintain trespass, *quare clausum fregit*, while there is a tenant in possession. (Roussin v. Benton, 6 Mo. 592; Davis v. Wood, 7 Mo. 162; Boston v. Neat., 12 Mo. 125; Sigerson v. Hornsby, 12 Mo. 71.)

In trespass *quare clausum fregit*, it is necessary for the plaintiff, in order to recover, to prove himself in possession of the premises. (1 Chit. Pl. 201, 202; 2 Stark. Ev. 303; 1 East. 244; 4 Taunt. 547; 2 Stark's Ev. 303.)

The actual possession of a part of a tract of land under a claim of title to the whole, is possession of the whole tract. (7 Mo. 166; Ellicot v. Pearl, 10 Pet. 442, and

authorities there cited; Adams on Eject. 54–5, n. 2, and authorities there cited; Acts 1847, p. 95, § 5.)

DRYDEN, Judge, delivered the opinion of the court.

This was an action commenced under the practice act of 1849, to recover damages for wrongfully entering and cutting timber on the land of the plaintiff. The evidence on the trial tended to show that at the time of the commission of the trespasses complained of, and for several years prior thereto, the defendant was in the actual possession of the land trespassed upon, claiming and holding the same adversely to the plaintiff. The court instructed as follows: "If the jury find that at the time of the commission of the alleged trespasses the plaintiff was not in the actual possession of the premises on which the trespasses were committed, and that the defendant was in the actual occupancy thereof, claiming the land adversely to the plaintiff, the plaintiff cannot recover in this action." The plaintiff then suffered a non-suit, and, after an ineffectual motion to set it aside, appealed to this court.

The action of trespass *quare clausum fregit* could be maintained at common law only where the plaintiff was in the possession of the close at the time of the commission of the trespass. It was an action for injury to the possession. If the injury was committed after ouster and while the premises were in the adverse possession of the wrongdoer, no action lay to redress such injury until the plaintiff first regained possession. (Mather v. The Ministers of Trinity Church et al., 3 Serg. & Rawle, 509; Cook et al. v. Foster, 7 Ill. 652; 2 Black. Com. 195; 3 id. 210–11, n. 4.

I think the law in this respect is unchanged by the practice act. That act abolished the distinction between actions, but did not give an action where none existed before. The point in this case is, that, in the condition of things at the time the suit was brought, the injury complained of was not then the subject of legal redress. The instruction was a correct exposition of the law as applicable to the case. If

the plaintiff would recover damages for the alleged trespasses, let her bring her ejectment to regain possession; and in case she prevail, as an incident of that action she may recover as well damages for the waste and injury to the premises, as also the rents and profits. (R. C. 1855, p. 692, § 13, Eject.)

From the view we have taken of the case, the action of the court in striking out the count in the first amended petition is of no importance, and we therefore take no further notice of it. Let the judgment be affirmed.

Judge Bay concurs; Judge Bay dissents.