————O————

JOSHUA BROWN, Respondent, vs. THOMAS CARTER, Appellant.

1. *Trespass—Fencing, Removal of—Possession, etc.*—An action of trespass under the statute for removing certain fencing will not lie against a defendant who is in actual possession of the premises on which the fence was built. In such case the remedy is by ejectment.

*Appeal from Daviess Common Pleas.*

*James McFerran,* for Appellant, cited: Cochran vs. Whitesides, 34 Mo., 417.

*Allen H. Vories,* for Respondent.

EWING, Judge, delivered the opinion of the court.

This was an action of trespass under the statute to recover treble damages for removing from the land described in the petition certain fencing.

The answer denied the allegations of the petition, and for

further defense to the action alleged that defendant being the owner of a larger tract, including the parcel of land on which the trespass is claimed to have been committed, conveyed the said last mentioned tract by deed of gift to his son John Carter, and being in doubt as to the true boundary between them, in reference to the fence, reserved said fence, and that in the sale of the same subsequently by his said son, to the plaintiff's intestate, a similar reservation was made of said fencing for his, defendant's benefit, and as his property. The answer also alleges possession by the defendant of said fence continuously both before and after the purchase of the land on which it stands by the defendant, and that it formed part of the enclosure of his farm, which farm was in his possession at and before the commencement of the suit.

The Court sustained a motion of plaintiff to make the answer more definite and certain, to which defendant excepted; and failing to file an amended answer, there was an inquiry of damages by a Jury, and a verdict for plaintiff for $87.75, and a judgment for treble that sum rendered by the court.

A motion for a new trial being overruled, defendant excepted, and brings the cause to this Court by Appeal.

The record presents but a single point for our consideration, namely, the ruling of the court, in sustaining the motion, to make more definite and certain, defendant's answer. The motion applied to the whole answer, as well as to that part which traversed the allegations of the petition, as to the new or affirmative matter which, it is claimed, constituted a defense to the action.

This new matter, as already stated, consisted of an alleged reservation of the fencing, both at the time of the conveyance to a son of defendant, and to the plaintiff's intestate. How this reservation was made, what the conditions, if any, does not appear. But so far as it may involve the Statute of Frauds, the presumption is in favor of its validity. (Gist vs. Eubank, 29 Mo., 248.)

Although it may have turned out on the trial that such reservation was no bar to the action, it may have been admis-

sible in mitigation of damages, or rather for the purpose of showing a liability for single damages only. The act concerning trespasses contemplates voluntary or willful trespasses only, which are done without lawful right, and it inflicts penalties upon the defendant as a wrong doer. (Baker vs. Hannibal & St. Joseph Rail Road Co., 36 Mo., 543; Schmitt vs. Densmore, 42 Mo., 225.)

The statute provides that if it shall appear on the trial, that the defendant had probable cause to believe that the land on which the trespass is alleged to have been committed, or that the thing so taken, carried away, injured or destroyed, was his own, the plaintiff in the action or prosecution, shall receive single damages only; (2 W. S., § 4, 1346,) and while the burden of showing probable cause for the trespass is on the defendant, it has been held that it is not necessary that he should set it up in his plea or answer. (Walther vs. Warner, 26 Mo., 143, 149.)

But is expressly averred that the defendant was in the possession of the fencing, and the farm which it in part enclosed, at and long before the commencement of the suit. This action can be maintained only where the plaintiff is in the possession of the close at the time of the commission of the trespass. It is an action for injury to the possession, which may be actual or constructive. But if the defendant be in the actual possession the action cannot be maintained, and plaintiff's remedy is by ejectment. (Cochran vs. Whitesides, 34 Mo., 417.) This issue was made by the answer, and it was a question of fact, which if found as alleged in the answer, would have been decisive of the case in defendant's favor, independently of any other issue made by the pleadings.

The Court erred in sustaining the motion to make the answer more definite and certain.

The judgment is reversed and the cause remanded. The other Judges concur, except Judge Vories, who having been of counsel did not sit.