N. W. More, Appellant, *vs.* Greer Perry, Respondent.

1. *Trespass for cutting down timber—What possession by plaintiff necessary to maintain action.*—Trespass for cutting down and carrying away timber, will not lie against a defendant actually in possession of the land, either by himself or his tenant. In such case ejectment is the proper remedy, and therein plaintiff may have his damages for waste or injury. To maintain trespass plaintiff must have possession, actual or constructive. Where the property is in the actual custody of no one, plaintiff's right to the property will draw the possession with it.

*Appeal from Jasper Common Pleas Court.*

*Geo. T. White*, for Appellant.

*Lay & Belch, with John M. Tyree*, for Respondent, cited Cochrane vs. Whitesides, 34 Mo., 417.

Wagner, Judge, delivered the opinion of the court.

This was an action commenced under the provisions of the statute, for trespass, in cutting down and carrying away timber on certain lands described in the petition. The petition averred ownership in the plaintiff. The answer admitted the trespass, but denied that the land or timber belonged to the plaintiff, and alleged that the same was the property of the defendant. Both parties introduced testimony to show title in themselves, and the defendant's evidence tended to prove that he was in the actual possession. The court gave one instruction for the plaintiff and one for the defendant, and they both embodied essentially the same principle, namely, that if it was found from the evidence that at the time the alleged trespass was committed, the defendant, by himself or his tenant, was in the actual possession of the premises, claiming the same adversely to the plaintiff, then the verdict should be for the defendant. This was the single issue upon which the case was submitted, and the jury therefore found that the defendant held adversely, and that he was in the actual possession.

Such being the case, it was immaterial which party had the better title, as trespass was not the appropriate remedy. This precise question was decided in this court in the case of Cochrane vs. Whitesides (34 Mo., 417) where it was held that

an action of trespass *qu. cl. fr.* can only be maintained where the plaintiff is in the actual or constructive possession of the land upon which the trespass is committed. If the defendant be in the actual possession, the remedy is by ejectment, in which action plaintiff may recover damages for the waste and injury, as also the rents and profits. This has long been the well settled law. The possession of the plaintiff may be either actual or constructive. And it is constructive when the property is in the actual custody and occupation of no one, but rightfully belongs to the plaintiff; as in such cases the right of property draws with it the possession. The right or title to property may, and often does, come in controversy in actions of trespass, yet the *gist* of the action is the injury done to the plaintiff's possession.

The necessary averment in the petition, therefore, is that the defendant has forcibly and wrongfully injured the property in the possession of the plaintiff, and under the general issue the plaintiff must prove that he was rightfully in possession as against the defendant at the time the injury was committed. (2 Greenl. Ev., §§ 613, 614; 1 Hill Torts, 3 ed., 493; 2 *Id.*, 75, 76.)

There is no other question arising on the record requiring any discussion. It is evident that the plaintiff misconceived his remedy. Should he resort to his action of ejectment, then an inquiry can be had as to the validity of the defendant's pre-emption claim of the railroad land in controversy, and all liabilities in reference to damages and waste can be determined in the same suit. But with defendant in actual possession, claiming to hold by an adverse title, trespass cannot be maintained.

The judgment is affirmed. The other judges concur.