## HAWKINS v. ROBY, *Appellant.*

**Trespass:** UNLAWFUL DETAINER: WASTE. The action of trespass does
not lie for waste committed upon land by permission of a person
actually in possession, though the possession be unlawful. The
remedy is an action of unlawful detainer, in which the party law-
fully entitled may recover as well the waste and injury committed
as the possession.

*Appeal from Cass Circuit Court.*—Trial before HON. A.
COMINGO, sitting as Special Judge.

REVERSED.

*James T. Burney* for appellant.

The plaintiff in an action for trespass must have had
the actual or constructive possession of the premises at the
time of the injury complained of. 1 Addison on Torts,
(Wood's Ed.) § 442, pp. 446, 447, note 2 ; Moak's Under-
hill on Torts, 368, 369, 370 ; *Gardner v. Heart,* 1 Comst.
528 ; *Cochran v. Whitesides,* 34 Mo. 417 ; *Brown v. Carter,* 52
Mo. 46 ; *More v. Perry,* 61 Mo. 174. A person ousted of
possession, even forcibly, must resort to his action for pos-
session and therein claim and recover damages for rents,
profits, etc. *Stockwell v. Phelps,* 34 N. Y. 363. One can-
not have constructive possession of premises while another
actually occupies them adversely to him. *Washburn v.
Cutter,* 17 Minn. 361 ; *Renshaw v. Lloyd,* 50 Mo. 368.

*Wooldridge & Daniel* for respondent.

Under the circumstances the attornment to L. P. Summers by Honaker, without the consent of his lessor, was void. *Merchants' Bank v. Clavin*, 60 Mo. 559 ; *McCartney v. Auer*, 50 Mo. 395 ; *Rutherford v. Ullman*, 42 Mo. 216 ; R. S. 1879, § 3080.    On and after the 1st day of March, 1879, Honaker and Foster were unlawfully in the possession of any portion of said 160 acres, and could hence give no legal authority to defendant to enter and pasture the same. 3 Washburn on Real Prop., (3 Ed.) 117, 118 ; *Hunt v. Cope*, Cowp. 242 ; Tyler on Ejectment, (Ed. 1871) 899, 900. Hawkins was in the actual possession on the 1st day of March, 1879, of a part of said 160 acres, and in the constructive possession of the whole sufficiently to recover against the defendant, who admitted he was a trespasser. *Reed v. Price*, 30 Mo. 442 ; *Renshaw v. Lloyd*, 50 Mo. 368. An eviction cannot be had, nor a constructive possession defeated, by a mere trespasser or illegal ouster.    *McFadin v. Rippey*, 8 Mo. 738.

HOUGH, C. J.—The plaintiff and one Hines rented 160 acres of land in Cass county, from A. J. Summers, for one year, beginning March 1st, 1878, and ending March 1st, 1879.    In June, 1878, T. A. Honaker purchased the interest of said Hines under said lease, and under an agreement with said tenants and with the consent of the landlord, one Foster occupied and cultivated the northwest quarter of said tract.    During the year 1878, A. J. Summers sold said 160 acres to one Jenkins, and sometime thereafter said Summers, acting as the agent of Jenkins, leased the whole of said tract to the plaintiff for one year, beginning March 1st, 1879, and ending March 1st, 1880.    It further appears that in 1877, one L. P. Summers purchased said land at a sale under execution against A. J. Summers, and in December, 1878, he leased said land to Honaker for one

year from March 1st, 1879, and Honaker, with the consent of L. P. Summers, leased to Foster the forty acres cultivated by him under the plaintiff and said Honaker during the previous year.   On March 1st, 1879, Honaker and Foster refused to surrender possession of the premises to the plaintiff or to A. J. Summers, and claimed the right to the possession of the entire farm under the lease from L. P. Summers, and had actual possession of the whole, except four or five acres held by the plaintiff.   The plaintiff occupied one room in a house on the premises and Honaker another room in the same house.   It further appears that in May, 1879, L. P Summers purchased said farm at a sale under a deed of trust executed by A. J. Summers.   On the 3rd day of March, 1879, after the expiration of the lease of A. J. Summers to Hawkins and Hines, the defendant Roby, with the permission of Honaker and Foster, herded forty-seven head of cattle on that portion of the farm which was in the actual possession of Honaker and Foster, and said cattle consumed a quantity of stalks standing in the field, and the defendant, though notified by the plaintiff to do so, refused to drive them off.   Thereupon the plaintiff instituted the present action before a justice of the peace, and filed the following statement:

A. II. ROBY, to C. C. HAWKINS, DR.

To trespass and damage by forty-seven head of cat-
tle from March 10th to March 17th, 1879, be-
longing to and owned by A. H. Roby, on fields
of stalks owned by C. C. Hawkins   .   .   .   $18 80
                                                            C. C. HAWKINS.

At the time this suit was tried, an action of unlawful detainer brought by Jenkins against Honaker and Foster, was pending and undetermined.   The plaintiff recovered judgment before the justice and also in the circuit court, and the defendant has appealed.

If L. P. Summers had purchased the farm in question under the trust deed, or at execution sale, after the making of the lease by A. J. Summers to Hawkins and Hines,

and before its expiration, Honaker might lawfully have attorned to L. P. Summers, and have taken a lease from him for the ensuing year; but he could not dispute his landlord's title under the circumstances herein stated, and attorn to L. P. Summers. He should have surrendered possession to A. J. Summers at the expiration of his lease, and, having refused to do so, he was wrongfully in possession and unlawfully holding over. But neither Jenkins nor the plaintiff could maintain a simple action of trespass against any person who might intrude upon the unlawful possession of Honaker and Foster, nor against any person whom they might permit to come upon the premises. *Cochran v. Whitesides*, 34 Mo. 417. Should the action of unlawful detainer against Honaker and Foster be determined against them, judgment can be rendered in that suit for any waste or injury committed by them or with their consent, upon the premises unlawfully detained. R. S., § 2434. The judgment of the circuit court will be reversed. All concur,