ATKISON, *Appellant,* v. HENRY.

1. **Land Title, Legal, Equitable:** NOTICE: ADMINISTRATION. Where one acquires the legal title to land with notice of some equitable right of another therein, such equitable right so held by such other person is an interest in the land, which can be sold and transferred by his administrator.

2. **Ejectment:** POSSESSION: MESNE PROFITS. Both at common law and under statutes regulating the action of ejectment and allowing a recovery therein for waste and injury and mesne profits, the plaintiff must first establish his right to the possession during the period for which he claims rents and profits, before he can recover them for such period.

3. **Judgment, Recovery of Damages paid Under.** Recovery cannot be had by plaintiff, against defendant, for damages paid by him to defendant, under a judgment against plaintiff and in favor of defendant, nor for attorney's fees and costs incurred by plaintiff in the suit, so long as such judgment stands unreversed.

*Appeal from Bates Circuit Court.*—HON. F. P. WRIGHT, Judge.

AFFIRMED.

*E. J. Smith, W. S. Shirk* and *C. C. Bassett* for appellant.

We suppose the demurrer was sustained on the ground that plaintiff might have, in the former suit, set up the same matters herein sued for and recovered for them, and that having failed to do so, he is now estopped from suing in this action. This position is not correct. Under the practice before the code he could not have set it up or recovered for the same in that action. Neither could he under the earlier cases in this State under the code. *Peyton v. Rose,* 41 Mo. 257; *Curd v. Lackland,* 43 Mo. 139, and other cases before and after those. While now it may be that under *Henderson v. Dickey,* 50 Mo. 161, and *Duval v. Tinsley,* 54 Mo. 93, plaintiff might have included in that suit the matters here sued for, he was not bound to do so,

There is nothing in any of these cases that requires him to do so, or be estopped from afterward suing for the same. And he is not estopped. See Bigelow on Estop., pp. 96 to 112, and cases there cited. Indeed, if these matters had been an issue in the former suit, we might have shown that no evidence of, or as to them, was introduced on that trial, and still have maintained this action, as was ruled in *Hickerson v. City of Mexico*, 58 Mo. 61, and *Sweet v. Maupin*, 65 Mo. 65.

*A. Henry pro se.*

The demurrer is based on the ground that there is no cause of action stated in the petition. The judgments in these cases are final between the parties, and binding until set aside by direct proceedings instituted for that purpose. Plaintiff bought the land at administrator's sale; when the legal title was in defendant, and alleged to be held fraudulently. The general charge of fraud in the petition, was but the conclusion of the pleader, and was not sufficient. But if defendant, in fact, held the title fraudulently, it would not be void but voidable, and the right to avoid it is not transferable. *Crocker v. Balangee*, 6 Wis. 645 ; 20 Wis. 183 ; *French v. Shotwell*, 5 John. Ch. 555 ; *Graham v. Railroad Co.*, 12 Otto 148. The deceased had no interest in the land that could be sold by the administrator. *George v. Williamson*, 26 Mo. 192. The sale under the order of the county court conveyed no title. *Criddle v. Criddle*, 21 Mo. 522 ; *Brown v. Finly*, 18 Mo. 375 ; *McLaughlin v. McLaughlin*, 16 Mo. 242.; *Lake v. Meier*, 42 Mo. 389. The matters alleged in the petition are *res judicata*. *Stout v. Lyle*, 13 Otto 66 ; *Peck v. Jones*, 7 How. 612. Where suit is brought and dismissed upon final hearing, it cannot be maintained again, although there were other matters alleged in it. *Case v. Beauregard*, 101 U. S. 688; *Wickersham v. Whedon*, 33 Mo. 561; *McDaniel v. Lee*, 37 Mo. 204. Judgment for part of a claim will bar recovery in another suit. *Corby v.*

*Taylor*, 35 Mo. 447.   Where a party fails to make any defense that he might make, he will be barred in another case from making the same.   *Greenabaum v. Elliott*, 60 Mo. 25 ; *Moran v. Plankington*, 64 Mo. 337.

HOUGH, C. J.—The petition in this case alleges, in substance, that on the 4th day of November, 1868, the plaintiff bought, at a sale made by the administrator of one Thomas Starnes, deceased, the equitable right of said Starnes in and to certain land in Bates county, the legal title to which was, at the time, held by the defendant, and is alleged to have been obtained by him in fraud of the rights of said Starnes.   That plaintiff, after his said purchase, entered into possession of said land, inclosed the same with a fence, and planted an orchard thereon.   In the year 1869 the defendant sued for and recovered from the plaintiff possession of said premises, together with the sum of $100 as damages for the use and occupation thereof, which sum was paid by plaintiff, and possession of said premises was surrendered to defendant, who removed the fence and destroyed the orchard.   Thereafter, the plaintiff instituted suit against the defendant to divest him of the legal title to said land, and invest himself therewith, and, after being twice compelled to suffer a nonsuit, finally prevailed, and in 1878 recovered judgment as prayed in his petition; but the plaintiff avers the defendant still remains in possession of the land.   In that suit no claim for damages, or for rents and profits, appears to have been made.   Plaintiff alleges that by reason of the facts aforesaid, the defendant has become liable to pay to him the following sums of money, to-wit :

November, 1869.

For damage recovered off of plaintiff by defendant
    in the judgment ousting plaintiff from the land..$ 100
Costs of said case paid by plaintiff................................    50
Plaintiff's time and attorney's fees in that case.........    50
Fence taken and removed by defendant.................   100

| | |
|---|---|
| Orchard destroyed............................................... | 100 |
| For use and occupation of said land by defendant from ousting of plaintiff therefrom to the bringing of this action, $50 per year, ten years......... | 500 |

$900

The defendant filed a demurrer, which was sustained on the ground that the petition failed to state a cause of action.

The first point made by the defendant in support of the judgment of the court below is, that conceding he had acquired the legal title in fraud of the rights of the decedent, Starnes, the right to avoid such fraudulent conveyance could not be sold at administration sale, and, therefore, the plaintiff acquired nothing by his purchase, has no interest in the land, and no right to maintain any action based upon the supposed acquisition of any interest therein; and to sustain this proposition the plaintiff cites, in connection with other cases, the case of *George v. Williamson*, 26 Mo. 192. In view of other allegations in the petition, we conceive this question to be unimportant, but as the point has been argued, we will notice it.

In the case cited, the conveyance was made by the decedent, in fraud of creditors, and this court held that such a conveyance was binding on the decedent and his heirs, and could only be annulled at the suit of creditors. That neither the administrator nor the heirs could set it aside; that the land conveyed constituted no part of the estate of the decedent, and that he had no interest therein, subject to sale by the administrator. That case, which was followed in *Jackman v. Robinson*, 64 Mo. 289, and has been recognized in other cases, is not at all analogous to the case before us. Here the title acquired by the defendant does not appear to have been acquired from Starnes in fraud of the creditors of Starnes, nor to have been acquired from Starnes through any fraud practiced upon him, but to have been acquired from some other source not named, in fraud

43—80

of the rights of Starnes.  Had the title been fraudulently acquired from Starnes, it is doubtful whether his right to set the conveyance aside, for fraud practiced upon him, could have been transferred to the plaintiff by administration sale.  *Graham v. Railroad Co.*, 102 U. S. 148; *Crocker v. Bellangee*, 6 Wis. 645.  It is fairly inferable from the allegations of the petition, that the defendant acquired the legal title with knowledge or notice of some equitable right of Starnes to the land, and such a right, so held by Starnes, was an interest in land which could be sold and transferred by the administrator.

Besides, the plaintiff alleges that by the decree of a court of competent jurisdiction, he had been invested with the legal title held by the defendant.  It does not appear, however, that in the suit for title any writ of possession was prayed for, or issued, and we are warranted in drawing an inference to the contrary, as it is averred that the defendant is still in possession.  Nor does it appear that any action of ejectment, based upon a decree for title, has ever been prosecuted by the plaintiff and determined in his favor.  Conceding, then, that an action for mesne profits may be separately maintained under our statute, which question is reserved, (*Lee v. Bowman*, 55 Mo. 400,) and that the owner of land has the same right to maintain such action which he had at common law, yet it does not appear from the petition that the plaintiff has ever recovered the possession of the premises in question; and it is well settled, both at common law and under statutes, regulating the action of ejectment and allowing a recovery therein for waste and injury and mesne profits, that there can be no recovery of mesne profits until there has first been a recovery of possession, and this for a very obvious reason.  The plaintiff may have the legal title, but he may not been titled to the possession ; and he must first establish his right to the possession, during the period for which he claims the rents and profits, before he can recover the rents and profits during such period.  *Burton v. Austin*, 4 Ver. 105; *Smith*

*v. Benson,* 9 Ver. 138; *Baron v. Abeel,* 3 Johns. R. 481; *Brown v. Galloway,* 1 Pet. C. C. 291; *Jackson v. Stone,* 13 Johns. 447; *Van Alen v. Rogers,* 1 Johnson's Cases 281. As to waste and injury, *vide Hawkins v. Roby,* 77 Mo. 140.

As to the claim for re-imbursement of damages, paid to the defendant under the judgment rendered in his favor, and the attorney's fees and costs in said case, as long as that judgment stands unreversed, they cannot be recovered.

We are all of the opinion that the judgment of the circuit court should be affirmed.