WATTS et al. v. LOOMIS et al., Appellants.

1. **Trespass:** POSSESSION. Possession alone is sufficient to maintain an action of trespass as against a stranger; and any possession is legal possession against a wrong-doer.

2. ———: EQUITABLE TITLE: PRIOR POSSESSION. When plaintiffs had been in possession of the surface of land, under color of title, for more than ten years before defendants, under color of title, entered into possession of the mines below the surface, both claiming title from a common source, and so continuing in possession to the time of bringing suit, the deed from the common source of title to plaintiffs' grantor being prior, but defective in form, though valid as a contract to convey, the purchase money having been paid; *Held*, that plaintiffs being the equitable owners and having prior rightful possession, can, under the facts of this case, maintain an action of trespass against defendants.

*Appeal from Macon Circuit Court.*—HON. ANDREW ELLISON, Judge.

AFFIRMED.

*H. Lander* for appellants.

The deed from the Central Coal & Mining Company to Tompkins, did not convey the title of the company. It had no corporate seal. Corporations, in such cases, can only act and speak by their common seal. Angell & Ames on Corp., (8 Ed.) § 216; *Sanford v. Tramlett*, 42 Mo. 388. The statute requires the corporate seal. Gen. St., p. 444, § 5, and p. 329, § 18; *Railroad Co. v. St. Louis*, 66 Mo. 247; *Shewalter v. Pirner*, 55 Mo. 229; *Hatch v. Barr*, 1 Ohio 390; *Brinley v. Mann*, 2 Cush. 337; *Bank v. Guttschlink*, 14 Peters (U. S.) 30; Angell & Ames on Corp., (8 Ed.) § 226. The legal title is in defendants, and in trespass defendant may dispute plaintiff's possessory right by showing title and right in himself, or one under whom he claims. *Reed v. Price*, 30 Mo. 446. When both parties claim under a common grantor, the one showing the better title has the better right. *Union Bank v. Manard*, 51 Mo. 550. The action of trespass cannot be maintained, under all the facts of this case. The parties should be remitted to the action of ejectment where all questions of title and damages can be settled. *Brown v. Carter*, 52 Mo. 46; *Ware v. Johnson*, 55 Mo. 500; *Cochran v. Whitesides*, 34 Mo. 417; *Kempton v. Cook*, 4 Pick. 307. Ejectment will lie for a coal mine. Bacon's Abr., Title Ejectment, D. D.; Tyler on Eject., p. 41. In trespass to land, the title may come in question. *Moore v. Perry*, 61 Mo. 174. Plaintiff showed no title by adverse possession, and it will not be presumed. *Lynde v. Williams*, 68 Mo. 360, 370.

*J. F. Williams* and *J. T. Jones* for respondents.

EWING, C.—Plaintiffs are husband and wife, the wife

claiming title to the land on which the tresspass is alleged
to have been committed, and plaintiffs being in possession.
They sue defendants for trespass in entering upon their
land and mining and converting a large quantity of coal.

The defendants answered, setting up title in Bartlett
and Thayer, and that defendants were their tenants, and
as such in actual possession of the land since 1879, and
mining and taking off the coal.    That Bartlett and Thayer,
and those under whom they claimed, had been in actual
possession for more than ten years.    The replication denied
the new matter in the answer.

A jury was waived and the court found for the plaint-
iffs, whereupon the defendants appealed to this court.

It was admitted that the common source of title was
the Central Coal and Mining Company.    Plaintiffs' evi-
dence tended to prove that one Dr. Fredericks bought the
land in controversy from the Central Coal and Mining Co.
in 1868, and immediately took possession thereof; that by
agreement between Dr. Fredericks and one S. J. O. Tomp-
kins, the title was made by the C. C. and M. Co. to Tomp-
kins; that Tompkins gave a bond for title to Fredericks,
who was in possession until 1870, when he (Fredericks) as-
signed his bond for title to Watts, the plaintiff, who then
immediately went into possession and made a deed to Mrs.
Watts, plaintiff, in 1873.    That at that time the coal had
never been entered by any one, either from the surface, or
through any adjoining pit.    Plaintiff then read the deed
from Tompkins to Mary J. Watts; and then offered to read
the deed from the C. C. & M. Co. to Tompkins, to which
defendants objected, because, 1st "it does not purport on
its face to be the deed of the company; 2nd, because it is not
sealed with the corporate seal of the company; 3rd, because
the same is not properly acknowledged."    The court over-
ruled the objections, and allowed the deed to be read "for
the purpose of showing a contract between the parties
thereto of sale, and permission to occupy the premises by
Tompkins and his grantees,"

Defendants read in evidence deeds from the C. C. & M. Co., down to Bartlett & Thayer, and a lease by them to defendants. The first being a deed of trust to Ed. Price, dated April 7th, 1870, and the last a deed from the assignee in bankruptcy, to Bartlett & Thayer, dated November 27th, 1875. Defendants parol evidence tended to show, that there was controversy between the C. C. & M. Co., and Bartlett & Thayer, and plaintiffs, as to who owned the coal; that in 1878 or 1879, defendants made an entry into the coal from a mining shaft, and worked it out; plaintiffs and defendants both claiming it, all the while.

I. The first and most material question for consideration is, whether plaintiffs had such possession and title, as would authorize them to maintain trespass. It has long been settled, that possession alone, is sufficient to maintain an action of trespass as against a stranger. Any possession is legal possession, as against a wrong-doer. *Reed v. Price*, 30 Mo. 442, and authorities there cited. In the case at bar, both parties are in possession. The plaintiffs in possession of the surface of the land, with possession commencing in 1868, and continued down to the commencment of this suit, with color of title; the defendants with color of title, and possession of the mines below the surface; such possession commencing about 1878 or 1879, and holding down to the commencment of this suit. Both parties having actual continuous possession. In *Brown v. Carter*, 52 Mo. 46, it is said "this action can be maintained only where the plaintiff is in the possession of the close at the time of the commission of the trespass." In 2 Waterman on Trespass, section 920, it is said: "If both parties can be considered, in any sense, in possession, such mixed possession inures to the benefit of the one having the legal title." *Abbott v. Abbott*, 51 Me. 575. "Two persons were grantees of the same land, without either of them having the actual possession. The one to whom the land was last conveyed, entered thereon, cut timber and erected houses and fences. It was held that the one who had the older

title might maintain an action for trespass committed, *before the actual* possession was taken." *Bailey v. Massey*, 2 Swan (Tenn.) 167. In the case at bar the legal title of plaintiffs was defective alone in that, the deed from the common source of title, the C. C. & M. Co., was not regular, and did not convey the legal title; but the court below permitted it to be read as a contract, showing that the grantor, or attempted grantor, the C. C. & M. Co., had sold the land to plaintiffs' grantors, and thus given permission to occupy the premises, which were taken possession of by such authority, and held continuously.

The court below gave an instruction to the effect that the C.C. & M. Co.'s deed was wholly insufficient to convey the title. It also gave an instruction at the instance of the defendants that the common title prior to the trespass was in the C. C. & M. Co., and that it devolved on plaintiffs to show title in themselves, derived from the C. C. & M. Co., " before they can recover in this action." The court, also, gave an instruction for plaintiffs to the effect, that if the C. C. & M. Co. sold the lots to Fredericks in 1868, and put him in possession, and that at his request said company attempted, by the defective deed, to convey to Tompkins, who paid the purchase price; that Tompkins conveyed to Mary J. Watts, and that " the possession and occupancy of said lots, since 1868 or 1869, has been in the continuous possession of plaintiffs, and Tompkins and Fredericks, then the finding must be for the plaintiffs."

The plaintiffs are unquestionably the equitable owners of the land upon which the trespass was committed, and had the prior rightful possession thereof. And with the equitable title and the rightful possession, we hold that, under the facts of this case, they can maintain trespass.

The deed from the C. C. & M. Co. to Tompkins, at least, amounts to a contract for the sale of the land, more especially " as the company received the purchase money, and put the purchaser into possession, and when that possession continues, as the evidence tends to show, from 1868 to 1879,

uninterruptedly, with claim of title, the court below might have well found that plaintiffs' title became perfect by the lapse of time. But these are questions of fact left to the court below, and with which we have no disposition to interfere. If these views are correct, they settle the case.

There were other instructions asked by the defendant and refused, and other immaterial questions raised, but their consideration would not affect the result.

The judgment of the court below is affirmed. All concur, except SHERWOOD and NORTON, JJ., absent.