LINDENBOWER v. BENTLEY, *Administrator, Appellant.*

86  515
43a 643
86  515
45a 122
46a 635
86  515
66a 347
86  515
80a  28
86  515
166  176

1, **Landlord and Tenant:** ATTORNMENT: POSSESSION: PURCHASER UNDER TRUST DEED. The purchaser of land at a trustee's sale, made at the request of the administrator of the beneficiary, acquires all the title of the mortgageor and the beneficiaries under the trust deed, and as against them is entitled to the possession ; and a tenant, holding under authority of the administrator's lessee, who attorns to the purchaser, becomes the latter's tenant, and thereafter the tenant's possession is the possession of the purchaser.

2. **Trespass:** POSSESSION. Possession of real estate is a pre-requisite to an action for trespass, and one who is not in possession cannot maintain the action.

3. ———: ———: LANDLORD AND TENANT. A tenant to whom land is rented, is entitled to its exclusive possession, and being in exclusive possession, the landlord out of possession cannot maintain trespass.

*Appeal from Greene Circuit Court.*—HON. W. F. GEIGER, Judge.

REVERSED.

*Massey & McAfee* for appellant.

Upon the evidence plaintiff was not entitled to recover in this cause. At the time of alleged trespass plaintiff was not in possession of the premises. John C. Crenshaw was at that time owner of said premises, was entitled to possession of same, and Majors, now his tenant, was in actual possession of same, and in actual possession still at time of commencement of this suit. An action for trespass against real estate will not lie, unless plaintiff be in possession at the time of the alleged trespass ; nor if defendant is in possession, claiming same under paramount title at the time of commencement of the suit. *Reed v. Price*, 30 Mo. 442 ; *Cochran v. Whitesides*, 34 Mo. 417 ; *Brown v. Carter*, 52 Mo. 46 ; *More v. Perry*, 61

Mo. 174; *Frost v. Duncan*, 19 Bar. 560; *Demot v. Hagerman*, 8 Cowen, 220; 9 N. Y. Law Reports, 367.   John C. Crenshaw, by virtue of his deed from Abbott, trustee, was entitled to the possession in March, 1881, and was entitled to the growing crops on same, as against the plaintiff.   1 Washburn on Real Property, 124; *Lane v. King*, 8 Wendell, 584; *Harris v. Frink*, 49 N. Y. 24; 10 Am. Rep., 323, 324; *Rowell v. Klein*, 44 Ind. 290; 15 Am. Rep. 235.

*Wm. C. Price* and *Henry C. Young* for respondent.

(1)   The respondent in this case occupies the same relation that a lessee under an ordinary vendor would occupy.   She held under the legal representative of the mortgagee after condition broken.   Taking any view of the case, the most Crenshaw, the purchaser, could have done, was to have demanded the rent and exhibited his deed at the time he made such demand, and if respondent had then refused to pay rent he could have proceeded as provided by the sections of the statute referred to.   *Gray v. Rogers*, 30 Mo. 248; *Walker v. Harper*, 33 Mo. 592; *Pentz v. Kuester*, 41 Mo. 447.   (2) Respondent did not rent the land to Majors, but they were joint croppers or tenants in common in the crops, and the possession of the land upon which the wheat was grown was in respondent at the time of the alleged trespass.   Wash. on Real Prop., side p. 365.   Letting land upon shares, if for a single crop, is no lease of the land, and the owner alone must bring trespass for breaking the close.   The same is held to be the law in the following cases:   *Taylor v. Bradley*, 39 N. Y. 129; *De Mott v. Hagerman*, 8 Cow. 221; *Caswell v. Districh*, 15 Wend. 379; *Putnam v. Wise*, 1 Hill, 235; *Herskell v. Bushnell*, 9 Am. Rep. 299; *Bradish v. Schenck*, 8 Johns. 151; *Donnell v. Harshe*, 67 Mo. 173; s. c., 70 Mo. 149; *Bernal v. Hovions*, 17 Cal. 546.   (3) If Majors had been the tenant of respondent,

he could not have attorned to appellant. The attornment of a tenant to a stranger is void and does not affect the possession of his landlord. *Schultz v. Arnot*, 33 Mo. 172. But Majors was not the tenant of respondent under the law and facts, and respondent was in possession at the time of the alleged trespass.

NORTON, J.—The petition in this case charges that defendant wrongfully entered upon a tract of land, of which plaintiff was in possession, and on which was standing a crop of wheat belonging to plaintiff, and cut and carried the same away to her damage, in the sum of four hundred dollars. On the trial plaintiff obtained judgment, from which defendant has appealed, and assigns for error the refusal of the court to instruct the jury that on the evidence plaintiff was not entitled to recover.

The following statement embodies the facts developed by the evidence:

In 1868 Goza & Quilling were the owners of the land upon which said alleged trespass was committed. At that time they conveyed the same to James Abbott, as trustee, to secure an indebtedness to H. J. Lindenbower, deceased, then in full life. Lindenbower afterwards died, and S. H. Julian became administrator *de bonis non* of his estate. Plaintiff, in 1880, was in possession of said premises. She got possession of the same from said Julian, administrator. In the summer, or fall, of 1880, she rented the land upon which this wheat was grown, to one Payton Majors; Majors was to put the land in wheat on shares; plaintiff was to furnish the seed wheat, and a team to break the land with; Majors was to break the land, sow the wheat, and the crop, when harvested, was to be divided equally between them. This agreement was carried out, except as to the harvesting and dividing the grain. Plaintiff furnished the team and seed wheat. Majors broke the land and sowed the wheat. On the nineteenth of March, 1881, at the request of Julian, ad-

ministrator of the estate of Lindenbower, Abbott, trustee, sold said land under and by virtue of said trust deed of Goza & Quilling, and John C. Crenshaw became the purchaser at said sale, paid the purchase money, and received from the trustee, Abbott, a deed therefor.

And afterwards, in May, 1881, defendant, as the agent of John C. Crenshaw, rented the land to said Payton Majors for a period ending July 1, 1881, Majors agreeing to rent of Crenshaw and to pay him as rent the one-half of the wheat crop growing thereon, the entire crop to be harvested and threshed by Majors at his own expense, and the one-half thereof to be delivered to Crenshaw at the thresher. Majors harvested and threshed said crop, and said L. A. D. Crenshaw, as agent of John C. Crenshaw, received at the thresher and took away said one-half of the wheat. Majors, by the further terms of said lease, delivered possession of said premises to said Crenshaw at the time he was required by said lease to do. At the time the land was advertised for sale by Abbott, trustee, Majors, some time in March, 1881, went to Mrs. Lindenbower and asked her what she was going to do about the wheat, now that the land was going to be sold. She said she would see about it and have the wheat reserved from the sale. After the sale, in April or May, Majors again saw plaintiff and asked her what she had done about reserving the wheat from the sale. She said she had forgotten or neglected to attend to having anything done concerning it, and that she would now have to make some other arrangement or do something else about it. The entire crop of wheat harvested was 582½ bushels, of the value of $1.15 per bushel.

The purchaser of the land at the trustee's sale, made at the request of Julian, administrator, who had previous thereto allowed Mrs. Lindenbower to go into possession of the mortgaged premises, acquired all the title of the mortgageor as well as all the interest of the beneficiaries in the land, and as against them was entitled to the pos-

session of the land, and Majors, who was the tenant of Mrs. Lindenbower, who was the tenant of Julian, and he having attorned to the purchaser, thereafter became his tenant, and his possession thereafter was the possession of the purchaser. As possession of real estate is a prerequisite to an action for trespass, and as plaintiff at the time of the alleged trespass was not in possession, the court erred in refusing to instruct that on the evidence and pleadings plaintiff could not recover. *Cochran v. Whitesides*, 34 Mo. 417 ; *Reed v. Price*, 30 Mo. 442 ; 61 Mo. 171 ; 54 Mo, 437. If Lindenbower, the beneficiary in the deed of trust, had rented the land to a tenant and put him in possession, and then requested the trustee to sell it for the payment of the debt secured in the deed, and the purchaser at such sale should then notify the tenant of his purchase, who, upon receiving such notice, attorned to him and agreed to pay the rent to him, can it be successfully contended that Lindenbower could have maintained a suit in trespass against such purchaser for entering upon the land and receiving the rent ? We know of no principle on which this could be done. After Lindenbower's death, in reference to the sale of the land, and putting Mrs. Lindenbower in possession of it, Julian, the administrator, represented the beneficiaries in the deed of trust, and neither he, nor those claiming under him, could assert a right to rent as against the purchaser at the trustee's sale, after he had given notice to the tenant, who, upon such notice, attorned to him and accepted possession under him. *Gray v. Rogers et al.*, 30 Mo. 258. Authority for the attornment of the tenant to defendant is found in section 3080, Revised Statutes.

Under such a contract as is shown in this case, while it was held in the case of *Johnson v. Hoffman*, 53 Mo. 504, that the person renting the land and the one to whom it was rented, were tenants in common of the crop, it was also held that the person to whom the land was rented was entitled to the exclusive possession of it. If, then,

Majors was in the exclusive possession of the land, Mrs. Lindenbower, being out of possession, could not maintain trespass, and her action must fail on that account if on no other. Judgment reversed. All concur, excep Judge Henry, who dissents.