THE MISSOURI LUMBER & MINING COMPANY, Respondent, v. ANTHONY ZEITINGER, Appellant.

St. Louis Court of Appeals, May 5, 1891.

1. **Taxes:** VALIDITY OF SALE OF LAND. Land was assessed for taxes in the name of W., and, in a proceeding against W. alone, a judgment was obtained against the land for these taxes, and the land was sold under that judgment. *Held* that the sale did not carry title, since W. was not the owner of the land at the date either of the assessment or of this proceeding.

2. **Conveyances:** DOCTRINE OF RELATION. Land was conveyed by incorrect description, and an action of trespass was instituted by the grantee against a person who had cut timber from the land. Subsequent to the institution of this action, this grantee obtained from his grantor another conveyance of the land correcting the misdescription. *Held* that this second deed did not, for the purposes of this action of trespass, relate back to the date of the first deed.

3. **Action of Trespass to Land:** NECESSITY OF POSSESSION. One who has neither the actual nor the constructive possession to land cannot maintain an action of trespass for injury to the land. The ownership of land, whether equitable or legal, will not confer the constructive possession upon the owner, when the land is in the actual adverse possession of another person.

4. **Amendment**: CHANGE OF STATUTORY ACTION FOR TREBLE DAMAGES FOR TRESPASS INTO ACTION OF TROVER. An action under the statute for treble damages for cutting down timber on land cannot be changed by amendment into an action of trover for the timber.

*Per Thompson, J., dissenting:—*

5. **Equitable Title to Land**: OWNERSHIP OF FELLED TIMBER. The equitable owner of land, who has good title thereto, save for misdescription of the land in the conveyance to him, occurring through mistake, is the real owner in point of law, sense and justice ; and timber cut from the land by a trespasser becomes personalty as soon as severed, and is the property of such equitable owner of the land, so that he can maintain an action of trover therefor against the trespasser.

6. **Amendment**: CHANGE OF STATUTORY ACTION FOR TREBLE DAMAGES FOR TRESPASS INTO ACTION OF TROVER. *Semble* that an action under the statute for treble damages for cutting down timber on land may be changed by amendment into an action on the case, or an action of trover for such timber.

*Appeal from the Wayne Circuit Court.*—HON. JOHN. L. THOMAS, Judge.

REVERSED.

*R. S. Durham*, for appellant.

(1) There was no evidence that the defendant cut and removed, or caused to be cut or removed, any part of the timber described in plaintiff's petition, and there was no evidence that plaintiff was in the actual or constructive possession of the land from which the timber was alleged to have been cut and removed. *Cochrane v. Whitesides*, 34 Mo. 417; *Brown v. Hartzell*, 87 Mo. 564; *Lindenbower v. Bentley*, 86 Mo. 515; *Hill v. Million*, 9 Mo. App. 599; *Fuhrer v. Lengford*, 11 Mo. App. 286. (2) The amount and value of the timber taken was not sufficiently proven to enable a jury to intelligently arrive at its value.

*Dinning & Byrns*, for respondent.

(1) The plaintiff showed a perfect title to the land in question, and that is sufficient to maintain trespass. *Brown v. Hartzell*, 87 Mo. 564; *Bell v. Clark*, 30 Mo. App. 224. (2) The title to the land in controversy vested in plaintiff from date of first deed. *Fitch v. Gosser*, 54 Mo. 267; *Ware v. Johnson*, 55 Mo. 500.

ROMBAUER, P. J.—This is an action to recover treble damages for trespass in cutting timber on plaintiff's lands. Upon the trial it appeared that the defendant committed the trespass, if there was one, while he was claiming title to the lands in good faith, whereupon the court limited plaintiff's recovery to single damages. The jury found a verdict for the plaintiff in the sum of $67, and from the judgment entered thereon the defendant prosecutes this appeal.

The appeal was taken August 8, 1890, with leave to defendant to file his bill of exceptions on or before the following September 1. The bill of exceptions, as appears by the clerk's entry made in vacation, was filed August 27, 1890, and is properly attested by the trial judge; hence the plaintiff's contention that it was filed without authority of law is untenable.

The only point made by the motion for new trial, and now, is that the verdict is not supported by the evidence. This contention is made on two grounds: *First*, that the plaintiff had neither the legal title to the land, nor actual possession thereof at the date of the alleged trespass, nor at the date of the institution of this suit; and, *next*, that there was no evidence in the case warranting the jury in rendering a verdict for substantial damages against the defendant, because it was not shown what timber, if any, he had cut off the land.

The plaintiff's evidence tended to show that the land was patented to one Wells, who conveyed it in 1870 to Williams by deed duly recorded in September, 1871. On the eighteenth day of April, 1888, the heirs of Williams executed a deed to the plaintiff, which did not correctly describe the lands mentioned in the petition, which deed was filed for record May 25, 1888. On the twenty-sixth of February, 1890, the heirs of Williams executed another deed to plaintiff, correcting the misdescription in the first deed and conveying the lands by a correct description. This deed was filed for record March 31, 1890. There was no evidence that the plaintiff ever had any actual possession of the land at any time. This suit was instituted on the eleventh of September, 1889.

The defendant's evidence tended to show that, at the April term, 1879, of the Wayne circuit court, in a proceeding had by the collector of Wayne county solely against Wells, the original owner, a judgment was rendered against this land for back taxes for the years 1873 to 1876, both inclusive; that a special execution was issued on that judgment, under which the land was sold to one Morrison. The defendant also gave evidence showing that the title to the land had passed by mesne conveyances from Morrison to himself.

The court took the view that, while the defendant's evidence was sufficient to show a claim of title in good faith, it was insufficient to show a valid title, as the title to the land was not in Wells at the date of the assessment of these taxes, nor at the date of the proceedings for their enforcement, and the true owner was not made a party to these proceedings. This holding was correct. The court took the further view, that the execution of the deed of correction by the heirs of Williams in 1890 related back to the date of the first deed in April, 1888, and that, therefore, the defendant was liable for whatever trespasses he may have committed after April, 1888. This holding was incorrect.

The plaintiff's evidence fails to show that it had any legal title or actual possession of the land at any time prior to the institution of this suit. It has been held in this state that the equitable owner of lands, who is in actual possession himself or by his tenant, may maintain an action of trespass or trespass on the case for injury to the freehold. *Fitch v. Gosser*, 54 Mo. 267; *Watts v. Loomis*, 81 Mo. 236. But it has never been held that an equitable title gives the owner such constructive possession, even where there is no adverse occupancy of the lands, as to enable him to maintain either of these actions.

As there is no evidence to support the judgment on the ground above stated, it is immaterial to consider the further claim made by the defendant that there was no evidence showing, or tending to show, what, if any, timber he had cut off the land.

The conceded facts showing no right of action in the plaintiff prior to the institution of the suit, the cause will not be remanded. The judgment is reversed. Judge BIGGS concurs. Judge THOMPSON dissents.

THOMPSON, J. ( *dissenting* ).—This case is reasoned out on strictly technical lines ; but I have the same difficulty with it that I had with the case of *Deland v. Vanstone*, 26 Mo. App. 297, in which I dissented, except that in that case the plaintiff, who, as the court held, was not entitled to recover for the cutting and carrying away of timber, had a remedy against another party, namely, against the party who had sold him the timber ; but, in this case, if the opinion is correct, it seems that the plaintiff has no remedy at all against anyone. Unless the plaintiff has a remedy against the man who has entered upon its land and wrongfully cut and carried away its timber to recover of him the value of the timber, then here is a wrong to property in the state of Missouri for which the law affords no remedy. I wish to put the question, whether, in case a man buys

land with timber standing upon it, and pays for it, but by mistake of the scrivener the land is not properly described in the deed, so that he gets merely what is called an "equitable title,",his property, until he can get a legal title (it may be through a court of equity), is removed from the protection of the law? My way of dealing with this case would be something like this: The equitable owner of land, where he has purchased it, and where he has a good title to it, save for the defect of a misdescription through a mistake in the deed, is the *real owner* in point of law, sense and justice; all that he lacks is the correct paper evidence of his title, and to get this he may have to institute what is called a suit in equity. If, while he has such a title, a stranger enters upon his land and cuts down his timber, the timber, which, while it was standing, was his realty under an equitable title, as soon as it is severed, becomes his *personalty* under a legal title; for I do not understand that there is any distinction between legal and equitable titles in respect of personal property. As soon as timber is felled, it becomes the personal property of the owner of the land, so that, if it is removed, he can maintain replevin for the same (*Richardson v. York*, 14 Me. 216), or trover in respect of the same. *Wooden Ware Co. v. United States*, 106 U. S. 432; *Kingsley v. Holbrook*, 45 N. H. 313; s. c., 86 Am. Dec. 173; *McCoy v. Herbert*, 9 Leigh. 548; s. c., 33 Am. Dec. 256; *Whidden v. Seelye*, 40 Me. 247; s. c., 63 Am. Dec. 661; *Tyson v. McGuineas*, 25 Wis. 660; *Moody v. Whitney*, 38 Me. 174; s. c., 61 Am. Dec. 239; *Truss v. Old*, 6 Rand. (Va.) 556; s. c., 18 Am. Dec. 748; *Mooers v. Wait*, 3 Wend. (N. Y.) 104; s. c., 20 Am. Dec. 667; *Mather v. Church*, 3 Serg. & R. (Pa.) 509; s. c., 8 Am. Dec. 663, per DUNCAN, J.; *Farrant v. Thompson*, 5 Barn. & Ald. 826. Although there has been a great controversy upon the question whether standing timber is personal property, so that title to it may pass by parol, there has never been any controversy upon the principle that,

unless it has been sold by a valid contract distinct from the land, or physically severed from it, it belongs to the owner of the inheritance; that a trespasser can get no title to it by his wrong; and that, when severed from the land and carried away by a trespasser, the owner of the inheritance may maintain replevin or trover for it. All the decisions above cited, and many others that could be cited, distinctly affirm or recognize this principle. When, therefore, the land, as in this case, is held by the owner under what is called an "equitable title," the naked "legal title" being still in his vendor, and the trees are severed by a trespasser, whose personal property do they become? Do they become the personal property of the so-called "legal owner," who has no beneficial interest in the property whatever,—who has sold it to the so-called "equitable owner," and whose duty it is to make him a good paper legal title thereto; or does it belong to the equitable owner, who is the real owner? In actions of trover the courts are not in the habit of discriminating between legal and equitable ownership, because a party entitled to immediate possession at the time of bringing the action may maintain trover. That the plaintiff was entitled to the possession of this land, and of this timber from the time when it was cut down to the time of the bringing of this action, there can be no doubt, the defendant's title being void. The "equitable owner" is not only entitled to possession, but under our statute he may defend in ejectment on his equitable title, and, as the decisions cited in the opinion delivered by my associates show, such a title, accompanied with possession, will support a technical action of trespass at common law. But, under the theory of the law on which they proceed, until he does take possession, either by himself or by his tenant, his land is the prey of every trespasser that may enter upon it and cut down its timber, or dig out its minerals and carry them away. He may, indeed, secure an injunction, if he knows of the threatened

trespass in time, and can give the necessary bond ; but he has no right of recaption or of damages.

Then the further question arises whether, in such a case, the plaintiff can bring an action, with a view to relief in treble damages for trespass, under the statute, and yet recover as for the conversion of personal property. I see no reason why he cannot. It was held in the English Queen's Bench, more than sixty years ago, in *Parnaby v. Canal Co.*, 11 Ad. & El. 223, that, where a party brings an action with a view to charging the defendant under a statute, and does not state and prove a case under the statute, but yet states and proves a case which entitles him to relief at common law, he may recover. So I suppose that, under our flexible code of procedure, where forms of action are abolished, a man may bring an action, with a view to recover treble damages for a trespass upon land, consisting in the cutting and carrying away of timber, and may recover in an action in the nature of the common-law action of "case," or of the common-law action of trover, if his evidence shows that he is entitled merely to that relief, the principle being that the prayer for relief in a petition is not demurrable, and that a man will not be turned out of court because he has misconceived his remedy, but that the appropriate relief will be granted upon his pleadings and evidence, provided it is included within the relief for which he sues. That an action for the cutting and carrying away of timber is not necessarily an action of trespass is shown by the decisions of the supreme court in *Fitch v. Gosser*, 54 Mo. 267, where Judge NAPTON says that such an action, that being one before the court, is in the nature of a common-law action on the case.

I, therefore, cannot concur in the conclusion of my associates that the plaintiff has exhibited no right of action, and I do not think it necessary to go further and offer any opinion as to what disposition ought to be made of the case.

ON MOTION FOR REHEARING.

ROMBAUER, P. J.—We are referred by the plaintiff to *Crowley v. Wallace*, 12 Mo. 143, for the purpose of showing that, where divers acts concur to make a conveyance, the original act shall be preferred, and to this the other acts shall have relation. In that case, the plaintiff claimed as purchaser at sheriff's sale under an execution against the defendant. The sale took place prior to the institution of the suit, but the sheriff's deed was not delivered until afterwards. The court held that the deed related back to the date of the sale; but, since it was decided in *Shumate v. Reavis*, 49 Mo. 333, that, even as to third parties, who have notice of the sale, the sheriff's deed relates back to the sale, the proposition was self-evident. The plaintiff in that case was legally entitled to possession at the date of the institution of the suit, and the sheriff's deed was simply documentary evidence of that fact, without which he could not have recovered in an action of ejectment. Here, however, the question is not whether, at the date of the alleged trespasses, the plaintiff was entitled to possession, but whether it was in possession, either actual or constructive, because it is settled by a long line of adjudications in this state that a person cannot maintain an action of trespass unless he is in possession of the land, and that he cannot be in constructive possession of the land even under a legal title, where the land is adversely occupied by another. *Cochrane v. Whitesides*, 34 Mo. 417; *Brown v. Carter*, 52 Mo. 46; *More v. Perry*, 61 Mo. 174; *Hawkins v. Roby*, 77 Mo. 140; *Atkison v. Henry*, 80 Mo. 670; *Lindenbower v. Bentley*, 86 Mo. 515; *Brown v. Hartzell*, 87 Mo. 564.

In the case at bar the defendant gave evidence of title in himself. If he cut any timber on the land (of which fact the evidence is of the vaguest character), he did so under claim adverse to the plaintiff, and the court so found and so instructed the jury. To that extent the

defendant exercised a right of adverse possession to the plaintiff, and there was no evidence that the plaintiff ever had been in possession of the land. How, under these facts, there could be a constructive possession in plaintiff, even if the fiction of relation could apply, is not evident.

It is an error to suppose that the plaintiff has no remedy. It may bring an action of ejectment against the defendant, and, under the authorities above cited, may recover for the timber cut as for waste. If the facts justify it, it may probably even bring an action of trover. Whether such an action will lie under the facts shown by this record, it is unnecessary to decide.

But, even if the plaintiff had no remedy, the case would not be one of a wrong without a remedy. The use of the words wrong and remedy in such a case is a mere play upon words, because the fact that the law furnishes no remedy is equivalent to the fact that the plaintiff suffered no legal wrong.

Even if an action of trover would lie under the facts of this case, we are satisfied that a statutory action of trespass for treble damages cannot, by amendment, be turned into an action of trover, and hence we did not remand the case.

Motion for rehearing overruled.