MARGARET C. HARRIS, Respondent, v. J. W. SCONCE et al., Appellants.

66  345
96  1  54

St. Louis Court of Appeals, April 21, 1896.

1. **Trespass to Land**: CONSTRUCTIVE POSSESSION. An action of trespass to land can not be maintained by the owner against one who, at the time of the injury complained of, was in the adverse possession of the land under a claim of title.

2. **Conveyance of Land**: UNSEALED INSTRUMENT. Prior to the recent statute, title to land could be conveyed only by an instrument under seal.

3. **Husband and Wife**: EJECTMENT FOR WIFE'S LAND. *Held*, in the course of discussion, that at common law the husband is the proper person to sue in ejectment for the land of his wife.

*Appeal from the Shannon Circuit Court.*—HON. W. N. EVANS, Judge.

REVERSED.

*Dinning & Byrns* and *John C. Brown* for appellants.

(1) The court committed error in admitting the deed from Jesse Butz to plaintiff to be read in evidence. This deed does not express on its face to be sealed, and the

grantor affixed thereto only a scroll. R. S., sec. 2388; *Cartmill v. Hopkins*, 2 Mo. 220; *Grimsley v. Riley*, 5 Mo. 280; *Walker v. Keile*, 8 Mo. 301; *Glascock v. Glascock*, 8 Mo. 577; *State ex rel. v. Thompson*, 49 Mo. 188; *Dickens v. Miller*, 12 Mo. App. 408. (2) The court erred in refusing to give defendants' instruction. *McMenamy v. Cohick*, 1 Mo. App. 529; *Cochran v. Whitesides*, 34 Mo. 417; *Moore v. Perry*, 61 Mo. 174; *Mo., etc., Co. v. Zeitinger*, 45 Mo. App. 114; *Hampton v. Massey*, 53 Mo. App. 501.

*J. M. Hoover* for respondent.

ROMBAUER, P. J.—The petition seeks to recover treble damages for the wrongful cutting of timber on plaintiff's lands. The answer denies the plaintiff's title, and sets up adverse title in the defendants and others. The cause was tried by the court without a jury. At the close of the evidence the defendants asked the court to declare as the law that under the pleadings and evidence the plaintiff could not recover, and also that, if the court found that the defendants had actual possession of the lands when they cut the timber and that such possession was adverse to the plaintiff, then the plaintiff could not recover. The court refused both these instructions, and found for the plaintiff single damages on the ground that the defendants cut the timber under a claim of title to the land. The defendants appeal and assign for error the refusal of the court to declare the law as requested by them, and the admission of illegal evidence offered by the plaintiff, and the exclusion of legal evidence offered by themselves.

Before proceeding to the examination of the errors assigned we must state that the record in this case is in a very incomplete condition. The original tran-

script sent to this court shows that a number of documents, which are not set out in the transcript, were offered both by the plaintiff and defendants as evidence of their respective titles. That transcript, in the main, consisted only of the stenographer's notes. Although upon defendants' application we commanded the clerk of the circuit court to certify to this court a complete copy of the bill of exceptions, and to insert in their proper places all the papers and records called for therein, the clerk has only partly obeyed said order, and the transcript is still very imperfect. Sufficient, however, is shown thereby to enable us to pass intelligently on some of the errors complained of by appellants.

All the evidence concedes that, at the date of the alleged trespasses, the defendants were in the adverse possession of the lands under a claim of title. This action, therefore, under the decisions in this state, could not have been maintained against them even if the legal title were in the plaintiff. *Cochran v. Whitesides*, 34 Mo. 417; *Brown v. Carter*, 52 Mo. 46; *Moore v. Perry*, 61 Mo. 174; *Hawkins v. Roby*, 77 Mo. 140; *Lindenbower v. Bentley*, 86 Mo. 515; *Deland v. Vanstone*, 26 Mo. App. 299; *The Missouri Lumber and Mining Company v. Zeitinger*, 45 Mo. App. 114. The defendants' declaration of law, therefore, should have been given. No person can be in the constructive possession of lands which are in the adverse possession of another.

But if this objection were out of the way, the plaintiff could not recover because she has failed to show title to the lands. Prior to the enactment of the recent statute in this state title to any interest in lands could be conveyed only by deed, which means an instrument signed and sealed. Revised Statutes, 1889, sections 2395–2401; *Deland v. Vanstone, supra*. Yet

it appeared in plaintiff's chain of title that one of the instruments under which she claims was unsealed within the definition of a sealed instrument in *Cartmill v. Hopkins*, 2 Mo. 220, and subsequent decisions in this state.

It also appears by the record that in 1892 the defendants' grantors, claiming to be in possession of the lands, brought an action to quiet title against the plaintiff; that the court ordered the plaintiff to appear and show cause why she should not be required to bring an action to try her alleged title; that the plaintiff did not appear, but her husband did appear, and instituted a suit in ejectment against the defendants herein, in which suit such proceedings were had that the plaintiff's husband was defeated. As the husband was the proper party to institute the suit in ejectment (*Flesh v. Lindsay*, 115 Mo. 1), the proceedings and judgment are evidence that, at the date of the alleged trespasses, the plaintiff had neither possession nor the right of possession.

It necessarily results from the foregoing that the judgment must be reversed. As there are no indications in the record that the plaintiff can make a better showing upon retrial, the cause will not be remanded. All the judges concurring, the judgment is reversed.