NICHOLAS J. COX, Appellant, v. JOHN R. BARKER *et al.*,
Respondents.

St. Louis Court of Appeals, May 4, 1897.

Jurisdiction, Appellate: ACTION INVOLVING TITLE TO REAL ESTATE.
An action of trespass to land, for entering plaintiff's close and carry-
ing away his fence, where the question was upon whose land was the
fence located, though the gist of the action was injury to plaintiff's
possession, involved the title to the land, hence not within the juris-
diction of this court.

*Appeal from the Scotland Circuit Court.*—HON.
BENJAMIN E. TURNER, Judge.

TRANSFERRED TO SUPREME COURT.

BIGGS, J.—This is an action of trespass to land.
The plaintiff charges in his complaint that the defend-
ants entered his close and carried away his fence. The
parties are adjoining proprietors. Their farms join for
one half mile north and south. The plaintiff's farm is
to the west. He owned and maintained the south half
of the partition fence, and the defendants owned the
north half. This condition of things existed for many
years. In the fall of 1894, the defendants removed
their portion of the fence, thereby preventing the plain-
tiff from using his land for pasturage. The plaintiff
undertook to replace the fence. He set the new fence
a few feet west of the line occupied by the old one. At
the time he commenced the work the defendants noti-
fied him that he was putting the fence on their land;
that they claimed that the dividing line was farther to
the west, and if a survey of the land proved that they
were right, they would hold the fence. A subsequent
survey showed that the defendants were right as to the

true location of the line, and they thereupon tore the fence down and carried away the materials. This is the trespass complained of. The sole question was upon whose land was the fence located. In opposition to the claim of title made by defendants, the plaintiff's claim was (and his evidence tended to prove it), that he and those under whom he claimed title had held the adverse possession of the land west of the old line of fence for more than ten years. We therefore conclude that the title to the strip of land upon which the fence was built is involved, and that therefore we have no jurisdiction of the appeal. It is true that the gist of plaintiff's action is injury to his possession, but it was competent for the defendants to show in defense of the action a superior title and right of possession in themselves. *Fuhr v. Dean*, 26 Mo. 116; *Moore v. Perry*, 61 Mo. 174.

The cause will be transferred to the supreme court for final determination. All the judges concur.