## McClintock's Appeal.   Strawbridge's Estate.

|  |  |
|---|---|
| 71 | 365 |
| f]93 | 44; |

| 71 | 365 |
|---|---|
| 28 SC | 502 |

| 71 | 365 |
|---|---|
| f 34 SC | 2639 |

| 71 | 365 |
|---|---|
| f220 | 2370 |

1. S. conveyed land to M. "reserving timber for his own use and advantage: in case M. should want to clear the land, the owner of the timber to take it off by being notified thirty days previous." *Held*, that the timber was personal property.

2. In reservations of growing timber, whether it be personalty or realty depends on the nature of the contract and the intent of the parties.

3. If an immediate severance is not contemplated, such reservation is an interest in land; if an immediate severance is in view, it is personalty.

4. Costs of an audit charged to the accountant under the circumstances in this case.

5. Pattison's Appeal, 11 P. F. Smith 294, distinguished and approved.

March —, 1872.   Before THOMPSON, C. J., SHARSWOOD and WILLIAMS, JJ..   AGNEW, J., at Nisi Prius.

Appeal from the Orphans' Court of *Lycoming county*: No. 82, to July Term 1872.

In the matter of the account of Lafayette McClintock, administrator, &c., of John Strawbridge, deceased.

On the 13th of May 1865, Strawbridge conveyed to McClintock a tract of 130 acres of land; in the conveyance was this reservation: "The party of the first part doth hereby reserve all the pine and hemlock timber, also the mineral that may be found on said premises, to his own use and advantage.  The said Lafayette McClintock, in case he should want to clear any part of the land, the owner of said timber is to take it off by being notified thirty days previous."

Strawbridge died October 5th 1866, and on the 12th of March 1867, administration of his estate was granted to McClintock; the inventory amounted to $150.72.   In answer to a citation McClintock filed an administration account March 17th 1870. He charged himself with $262.50, which included the amount of the inventory; his credits amounted to $487.09, of which one item was $310 for funeral expenses and attendance of decedent in his last sickness, $6 costs of citation, and compensation as administrator $50.

The distributees filed the following, amongst other exceptions to the account:—

That the accountant had not charged himself with the timber reserved; that he should not be allowed credit for attendance on decedent and funeral expenses; for compensation or for costs of citation.

The account and exceptions were referred to Charles K. Geddes, Esq., as auditor.

The auditor charged the accountant with $1029.50 on account of the timber reserved under the deed; reduced his credits for attendance, &c., on deceased, costs of citation and compensation, making the whole amount of credits $336.09, and charged him with the costs of the audit, $92.64.*

He decided that the reserved timber was personal estate.

The Orphans' Court (Gamble, P. J.) confirmed the auditor's report.

The administrator appealed to the Supreme Court and assigned for error :—

1. Deciding that the growing timber reservation in deed from John Strawbridge to L. McClintock, was personal property, and in charging accountant with the money value thereof.

2. Charging the administrator with the costs of the audit.

*H. Johnson,* for appellant.—The reservation not being to the grantor's heirs was but for life : Lytle *v.* Lytle, 10 Watts 259.   A right to growing timber is real estate : Yeakle *v.* Jacob, 9 Casey 376 ; Huff *v.* McCauley, 3 P. F. Smlth 206 ; Pattison's Appeal, 11 Id. 294 ; Caldwell *v.* Fulton, 7 Casey 484.

*J. Walbridge* and *R. P. Allen,* for appellees.—If the sale contemplates a severance of the trees from the land, it is a chattel interest only which passes : Whitmarsh *v.* Walker, 1 Met. 313 ; Nettleton *v.* Sikes, 8 Id. 34 ; 2 Parsons on Cont. 312, 313 : Rogers *v.* Gilinger, 6 Casey 187 ; 3 Bacon's Abr. 64, *Executors and Administrators;* 1 Williams on Executors 491, 492 ; Stukely *v.* Butler, Hob. 173 ; Wentworth on Executors 148 ; Herlakenden's Case, 4 Rep. 63 b ; Whitaker *v.* Brown, 10 Wright 197.

As to charging accountant with costs they cited Sterrett's Appeal, 2 Penna. R. 419.

The opinion of the court was delivered, October 17th 1872, by

WILLIAMS, J.—The Orphans' Court was clearly right in deciding that the pine and hemlock timber reserved by the decedent in his deed to the administrator was personal property, and in charging him with its value.   In agreements for the reservation or sale of growing timber, whether the timber is to be regarded as personal property or an interest in real estate, depends on the nature of the contract and the intent of the parties.

If the agreement does not contemplate the immediate severance of the timber it is a contract for the sale or reservation of an interest in land, and until actual severance the timber in such case passes to the heir, and not to the personal representative.   But when the agreement is made with a view to the immediate severance of the timber from the soil, it is regarded as personal property, and passes to the executor and administrator, and not to the heir. The earlier authorities, it is true, do not make any distinction between such contracts.   Thus, it is said, if a tenant in fee simple grants away the trees, they are absolutely passed away from the grantor and his heirs, and vested in the grantee, and go to the executor or administrator, being in understanding of the law di-

vided as chattels from the freehold, and the grantor hath power incident and implied to the grant to fell them when he will, without any other special license: Stukeley v. Butler, Hob. 173 a. So when a tenant in fee simple sells the land and reserves the trees from sale, the trees are in property divided from the land, although in fact they remain annexed to it, and will pass to the executors or administrators of the vendor: Harlakenden's Case, 4 Rep. 63 b; Liford's Case, 11 Id. 50; 4 Bac. Abr. tit. *Executors and Administrators*, H. 82; 1 Wms. Ex'rs 594.

But the distinction to which we have adverted between contracts made with a view to the immediate severance of the timber, and those which are not, is taken in the later authorities: Crosby v. Wadsworth, 6 East 602; Smith v. Surman, 9 B. & C. 561, 17 E. C. L. R. 253; Addis. Contr. 31; and recognised in our own decisions: Huff v. McCauly, 3 P. F. Smith 206; Pattison's Appeal, 11 Id. 294. In the case last cited the present Chief Justice said: "We regard a contract for standing timber on a tract of land, to be taken off at discretion as to time, as an interest in land, and within the Statute of Frauds and Perjuries, the transmission of which must be by writing." But in the case in hand it is manifest that the parties intended by their contract to divide the pine and hemlock timber from the freehold, and give to it the quality of a chattel. It was not to be taken off at discretion, as to the time. By the express terms of the deed the vendee of the land had the right to require the removal on giving, and the vendor was bound to take it off on receiving thirty days' notice. The timber must, therefore, be regarded as a chattel, which passed to the administrator. In so ruling we do not trench upon the doctrine laid down in Pattison's Appeal, or qualify it in any respect whatever. That case was unlike this in one of its material elements, and was well decided on its facts, and the guarded language of the Chief Justice shows that he had in view the distinction which the law makes in regard to contracts for the reservation or sale of growing timber. If the reservation had been of a perpetual right to enter on the land and cut all the pine and hemlock timber growing thereon, or of a right to cut and take it off at discretion as to time, then it would be within the rule laid down in Yeakle v. Jacob, 9 Casey 376, and Pattison's Appeal, and be regarded as an interest in land, which would pass to the heir and not to the administrator on the vendor's death. But this element, as we have seen, is wanting, and therefore the Orphans' Court rightly held under the authorities, that the timber in question was personal property, for the value of which the administrator was accountable. It needs no argument to show that the vendor reserved the whole property in the timber, and not merely a right to its use and advantage during his life. This is too apparent on the face of the deed to admit of doubt or question. We see nothing in

the facts of this case to take it out of the rule laid down in Sterrett's Appeal, 2 Penna. Rep. 419, and it follows that the administrator was properly charged with the costs of the audit.

Decree affirmed, at the cost of the appellant.