Brown v. Hartzell.

BROWN, *Plaintiff in Error and Respondent,* v. HARTZELL, *Defendant in Error and Appellant.*

1. **Trespass.** The action of trespass can only be maintained where the plaintiff is in the actual or constructive possession of the premises.

2. ———: CONSTRUCTIVE POSSESSION. The possession is constructive when the property is in the custody and occupancy of no one, but rightfully belongs to the plaintiff; in which case the title draws to it the possession.

3. ———: EQUITABLE TITLE. One having the equitable title and prior possession of land may maintain trespass.

4. ———: POSSESSION UNDER CONTRACT OF PURCHASE. Where one is in possession of land under a contract of purchase from another, the latter cannot maintain trespass against the former.

*Error to and Appeal from Cape Girardeau Court of Common Pleas.*—HON. R. L. WILSON, Judge.

REVERSED.

*Dennis & Smith* for appellant, Hartzell.

(1) The gist of the action of trespass is the injury done to the possession of plaintiff. *Moore v. Perry*, 61 Mo. 174 ; 2 Greenl. Evid. (14 Ed.) secs. 613, 614. And to maintain trespass plaintiff must be in possession, actual or constructive. *Cochrane v. Whitesides*, 34 Mo. 417 ; *Moore v. Perry*, 61 Mo. 174 ; *Reed v. Price*, 30 Mo. 446. (2) The possession of land follows the title, and the owner is presumed to be in possession and may maintain trespass, unless there is an adverse possession, or some claim by one in possession of a right by contract, or operation of law to the exclusion of the owner. 2 Waterman on Trespass, sec. 918 ; *Turner v. Baker*, 64 Mo. 218. (3) Brown's deed from Crumb was a quit-claim, and he, therefore, bought with notice, and was not an innocent purchaser. *Ridgeway v. Holliday*, 59 Mo. 444 ; *Mann v. Best*, 62 Mo. 491. (4) A vendee who, under a treaty (as did Hartzell in this case) for purchase, enters, with the consent of the vendor, into the possession of land, is not a trespasser, nor can he be treated as such. A parol license, which has been executed, is as effective, by way of justification of any entry upon land, or of any other act touching realty, as would be a license in writing. *Freeman v. Headley*, 32 N. J. Law, 225 ; *Pratt v. Ogden*, 34 N. Y. 20 ; *Pierce v. Tuttle*, 53 Barb. 155 ; *Wright v. Moore*, 21 Wend. 234.

*Smith & Krauthoff* for respondent, Brown.

(1) As against Hartzell who, unless he had a license as claimed, was a mere wrong doer, any possession was sufficient. *Reed v. Price*, 30 Mo. 442 ; *Watts v. Loomis*, 81 Mo. 236. (2) Even if the possession was taken and

held under the contract and permission of Crumb, Hartzell held as mere licensee, and cannot deny Crumb's title. *Barnett v. Caldwell,* 9 Wall. 290; *Hamilton v. Taylor,* 1 Litt. Sel. Cases (16 Ky.) 414. (3) The plaintiff did not plead a license authorizing him to cut the timber in question. The license to enter did not carry with it one to cut timber. *Suffern v. Townsend,* 7 Johns. 35; *Ives v. Ives,* 13 Johns. 235; *Crockford v. Alexander,* 15 Ves. 138. The burden is on defendant to prove a valid and unrevoked license. 7 Johns. 235. (4) The alleged license conveyed no interest or estate in the land and was wholly executory. *Stevens v. Stevens,* 11 Met. 251; *Marston v. Gale,* 21 N. H. 176; *Giles v. Simond,* 15 Gray, 441.

*Smith & Krauthoff, Bennett Pike* and *D. L. Hawkins* for Brown, plaintiff in error.

The action was trespass, based on Revised Statutes, section 3921, which provides that if "the defendant had probable cause to believe that the land on which the trespass was committed was his own, the plaintiff shall recover only single damages." The evidence utterly fails to show that defendant had any cause, probable or improbable, for his acts, and plaintiff was, therefore, entitled to treble damages. *Baker v. Railroad,* 36 Mo. 543; *Emerson v. Beauvaus,* 12 Mo. 511.

*Dennis & Smith* for Hartzell, defendant in error.

(1) Hartzell had possession of the land on which the timber was cut under his contract to purchase and by permission of Crumb, and was not a trespasser. *Freeman v. Headley,* 32 N. J. L. 225; *Jackson v. Miller,* 9 Cow. 747; *Pierce v. Tuttle,* 53 Barb. 155; *Fuhr v. Dean,* 26 Mo. 121; *Baker v. Railroad,* 57 Mo. 272. (2) Our statute concerning trespasses contemplates voluntary or wilful trespasses only which are done without lawful

right. *Lindell v. Railroad*, 36 Mo. 543. (3) Permission to take possession of land under an executory contract of sale, carried with it the right to remove the timber. *Baker v. Railroad*, 57 Mo. 272; Cooley on Torts, 308-9, note 1; *Hall v. Chaffee*, 13 Vt. 157. (4) Hartzell's entry was justifiable in view of his contract to purchase and parol permission from Crumb's agent. 2 Waterman on Trespass, secs. 788, 793, 796 and 799. *Williams v. Noiseaux*, 43 N. H. 389.

BLACK, J.—This is an action of trespass in which plaintiff seeks to recover treble damages, under the statute, for cutting and carrying away poplar trees from the described premises. Defendant appealed from a judgment of single damages, and plaintiff sued out a writ of error from an order of the court refusing to treble the damages. Plaintiff claims title to the land from which the trees were taken, by two patents from the state to Crumb, and a quit-claim deed from him which was dated April 4, 1882, and recorded on the twenty-sixth of that month. Plaintiff was never in the actual possession of the land. He had it surveyed, but this was after the alleged trespasses were committed. The defendant purchased the land from Crumb in 1881, and received a receipt and contract showing the amount paid and to be paid, describing the lands, and providing that Crumb was to make a warranty deed to all except one hundred and sixty-five acres, to which he was to make a quit-claim. This receipt and contract the court excluded. The defendant also made evidence tending to show that the agent who sold him the land, with the consent of Crumb, gave him permission to take possession. There was delay in closing the transaction, the evidence tending to show that Crumb refused to make a warranty deed, and defendant declined to accept a quit-claim. The defendant went into possession, cleaned the drift out of the river-bed preparatory to floating logs, and cut some

timber, and was still in possession, it would seem, from April to July, 1832, during which time he cut the trees in question.

This action of trespass can only be maintained where the plaintiff is in the actual or constructive possession of the premises.    There is no evidence of actual possession on the part of the plaintiff, or of Crumb, in the case. The possession is constructive when the property is in the custody and occupancy of no one, but rightfully belongs to the plaintiff.    In that case the title draws to it the possession.    The foregoing principles of law have been repeatedly asserted by this court.    *Cochran v. Whitesides*, 34 Mo. 418; *More v. Perry*, 61 Mo. 174; *Reed v. Price*, 30 Mo. 446; *Ware v. Johnson*, 55 Mo. 502.    In *Watts v. Loomis*, 81 Mo. 237, it was held that the plaintiff, he having the equitable title and the prior possession, might maintain trespass.    If the defendant was in the possession of these lands from which the trees were taken under his contract for purchase, the plaintiff cannot maintain this action.    If it is contended that the defendant had abandoned the contract and possession thereunder before the alleged trespass, then those facts should have been made a condition to the plaintiff's recovery in the instructions.    The contract of purchase should have been received in evidence, and also the correspondence with respect thereto.    The defendant may show what he did by way of taking and continuing possession.    The evidence tending to show a parol permission to take possession was properly admitted.    The sale of these lands by Bollinger county appears to have been made subsequent to the alleged trespass, and we do not see that the purchase of the lands by plaintiff at that sale can affect this case.

It is evident the case was tried on a wrong theory, and the judgment is reversed and the cause remanded. This result also disposes of the writ of error.    All concur.