AVITT & ROBINSON, Respondent, v. URIAH FARRELL, Appellant.

Kansas City Court of Appeals, February 1, 1897.

1. **Trespass:** POSSESSION: GROWING GRASS. Grass rooted in the ground is, for the purpose of sale, personal property; and the purchaser has possession sufficient to sustain trespass, though he is not the owner of the land, or a tenant thereof.

Avitt & Robinson v. Farrell.

2. ———: INSTRUCTION: POSSESSION. In an action of trespass an instruction submitting the issues should not omit the question of possession where it is disputed.

*Appeal from the Lafayette Circuit Court.*—HON. RICHARD FIELD, Judge.

REVERSED AND REMANDED.

*E. F. Keyton* and *John S. Blackwell* for appellant.

(1) It is essential either in trespass under our statute or in trover for the plaintiff to allege and prove that he had possession, actual or constructive, of the realty at the date of the defendant's alleged wrongful entry upon it. *Deland v. Vanstone*, 26 Mo. App. 297; *Hampton v. Massey*, 53 Mo. App. 501; *Brown v. Hartzell*, 87 Mo. 564; *Lindenbower v. Bentley*, 86 Mo. 515; *Garner v. McCulloch*, 48 Mo. 318. (2) Standing grass is part of the realty and no person can be in possession of it without having the actual possession of the land whereon it stands, and plaintiffs negatively plead that they did not have the possession of the premises at the time of defendant's entry, and the evidence shows they were not in the actual possession of the premises at the time of the alleged trespass, but that defendant was. *Deland v. Vanstone, supra.* (3) In this case plaintiffs plead title in Casper Uphouse and actual possession in Ed Hord. *Deland v. Vanstone, supra; Hampton v. Massey, supra; More v. Perry*, 61 Mo. 174; *Brown v. Hartzell, supra; Lindenbower v. Bentley, supra.*

*C. Vivion* and *John Welborn* for respondent.

(1) This suit has nothing whatever to do with the real estate on which the grass was grown. *Deland v. Vanstone*, 26 Mo. App. 297, does not decide that standing grass is part of realty. (2) The only point in this case

is, could Hord sell the standing grass as personal prop-
erty; and did he sell it to Avitt and did Farrell go on
the land and cut and carry the same away. If he did
he is liable and the trial court was correct in its rulings.
*Hosli v. Tokel*, 57 Mo. App. 622; *Smock v. Smock*, 37
Mo. App. 56; *Gath v. Caldwell*, 72 Mo. 622. (3)
Hord sold the grass to Avitt and could pass title, for
timothy is an annual crop and could be sold as per-
sonal property. *Hosli v. Tokel*, 57 Mo. App. 622;
*Smock v. Smock*, 37 Mo. App. 56; *Gath v. Caldwell*, 72
Mo. 622.

ELLISON, J.—This is an action in trespass wherein
plaintiffs seek to recover treble damages of defendant
for cutting and carrying away certain timothy grass.
The action was brought under section 8675, Revised
Statutes, 1889. The judgment below was for plaintiffs,
the damages being trebled.

The facts necessary to determine the controversy.
are these: One Uphouse was the owner of the land on
which the grass was growing. He had rented the land
to one Hord, who was in possession thereof, and, at
about the time when the meadow was ready for cutting,
he sold ten acres of the grass to plaintiffs. Defendant
claiming that he had theretofore purchased the grass
from Hord, and having already cut and taken away a
part of it, entered the land and cut the grass in contro-
versy after the sale to plaintiffs.

It is well settled that in order to maintain an action
of trespass under the statute, the plaintiff must be in
the possession of the property injured. *More v. Perry*,
61 Mo. 174; *Brown v. Hartzell*, 87 Mo.
564. And the real question in the case is:
Do the foregoing facts show plaintiffs to
have had the possession necessary to maintain the
action? We think they do.

TRESPASS: posses-
sion: growing
grass.

The grass, although rooted in the ground, for the purpose of sale, is regarded as personal property. *Smock v. Smock,* 37 Mo. App. 56; *Hosli v. Tokel,* 57 Mo. App. 622. Notwithstanding that Hord was in possession of the land, yet when he sold to plaintiffs the grass standing on the land and gave them all the possession possible at the time, owing to the nature of the property, this possession was such as will sustain trespass. 2 Waterman, Trespass, section 922. It is true that the case presents the anomaly of Hord and plaintiffs each having possession over the same area, but the possession was of distinct things and for different purposes. In *Haskin v. Record,* 32 Vermont, 575, a third party was owner of the land on which was growing pine and cedar timber. The timber belonged to Haskin. He sold the pine timber to Record with the right to cut and take it away. Record having taken away some of the cedar, it was held that Haskin had sufficient possession to maintain trespass. The court said:

"The plaintiff having the right to all the timber upon the premises except the pine, with the right to enter and remove it, and having entered for the purpose of removing it, is to be regarded as in the possession of the premises for all purposes, and to the extent necessary to enable him to accomplish it and no further. Beyond this he has no interest in the premises and no right to the possession, but to this extent his right and possession are exclusive, both as to the defendant and the owner of the soil, and if either were to enter upon the premises, and do any act in violation of these rights, the plaintiff would have his remedy by an action of trespass *qu. cl.* So, too, of the defendant, he is the owner of the pine timber with the right to enter and remove it. The case shows him to be in possession of the premises for the purpose of removing the pine at the same time that the plaintiff is in possession for the

purpose of removing the other timber. Their possession is like their interest, not joint, but separate, and limited by the extent of their interest, and the possession of both does not constitute the entire possession, for except for the purpose of removing the timber the owner of the soil is to be regarded as in the possession, and for any injury to the freehold, not affecting the rights of the plaintiff or the defendant, in this suit, the owner of the soil could maintain the action of trespass *qu. cl.*"

2. We stated the facts as above for the purpose of determining the point as to the cause of action. But the defendant challenges the correctness of the instructions for plaintiffs. Among others was one directing the jury that if they believed that defend-

——: instructions: possession.

ant had surrendered or released to Hord his right to the grass, and that plaintiffs were the owners of the grass at the time the suit was brought, then they should return a verdict for plaintiffs. This instruction was wrong in omitting the all-important disputed question of possession being also in plaintiffs.

Furthermore, we believe instruction number 3, for plaintiffs, is apt to mislead the jury as it now reads. It properly informs the jury that the burden rested on defendant to show that he had probable cause to believe that the grass was his own. But it ought to have been immediately preceded with a submission of the hypothesis of plaintiffs' being the owners and in possession. So that the instruction as a whole would have informed the jury that if they believed that plaintiffs were the owners and in possession of the property, then the burden was on defendant to show he had probable cause to believe the property was his. The judgment will be reversed and the cause remanded. All concur.