NETTIE F. RIFFEL, Respondent, v. OZARK LAND & LUMBER COMPANY, Appellant.

St. Louis Court of Appeals, February 23, 1897.*

Jurisdiction, Appellate: JUDGMENT INVOLVING TITLE TO REAL ESTATE. . A judgment of the circuit court for plaintiff in an action for damages for cutting and carrying away timber from land alleged to belong to plaintiff but not claimed in the petition or shown to be in her actual possession, involves the title to real estate within the meaning of the state constitution defining the jurisdiction of the appellate courts of the state, and an appeal from such judgment is therefore within the exclusive jurisdiction of the supreme court.

*Received too late for publication to October term, 1896.

*Appeal from the Oregon Circuit Court.*—HON. W. N. EVANS, Judge.

TRANSFERRED TO SUPREME COURT.

BOND, J.—This action is for damages for cutting and carrying away timber from certain land alleged to belong to plaintiff and to be in her constructive possession. The answer is a general denial. A jury being waived, the cause was tried by the court, and judgment rendered for plaintiff for $650. Defendant appealed.

Plaintiff's evidence tended to prove that in 1894 and 1895 defendant cut and removed from the land described in the petition timber equal in value to the judgment. The parties admitted a common source of title. Plaintiff's deraignment consisted of deeds purporting to convey in fee. Defendant's chain of title consisted of quitclaim deeds. The action of trespass can only be supported by proof of actual or constructual possession. *Hampton v. Massey*, 53 Mo. App. 501; *Brown v. Hartzell*, 87 Mo. 564. As it is not claimed in plaintiff's pleadings, nor shown in the evidence that she had any actual possession of the land from which the timber was taken, her right to recover must depend upon a showing of title in fee to the premises. Defendant insists that the deeds offered to show such title in plaintiff are void on their face, and that the title to the lands in question is vested in it through a chain of valid quitclaim deeds. It is evident the solution of this issue involves the title to real estate. *Moore v. Perry*, 61 Mo. 174. The case does not therefore fall within our appellate jurisdiction as defined by the constitution, and it will therefore be transferred to the supreme court.

All concur.