## ST. LOUIS AND THE KANSAS CITY

# COURTS OF APPEALS

AT THE

## OCTOBER TERM, 1905.

*(Continued from Volume 114.)*

## JOHN LEIDY et al., Respondents, v. WM. CARSON, Appellant.

**Kansas City Court of Appeals, December 4, 1905.**

1. **LANDLORD AND TENANT: Conversion: Fructus Industriales. Personal Property.** Grass rooted in the ground and cornstalks belong to the tenant and can be used by him during his term and are personal property and the subject of conversion.

2. ———: ———: ———: **Servants.** A tenant's sale of such grass and cornstalks is not in the nature of an assignment of his lease and the vendee becomes the servant of the tenant and may sever the grass from the soil by grazing the same; and the landlord's seizure of such property before the end of the term is a conversion for which trover will lie.

Appeal from Andrew Circuit Court.—*Hon. Alonzo D. Burnes,* Judge.

AFFIRMED.

*J. A. Sanders* and *James & Norris* for appellant.

(1)   The contract and intent of the tenant and his assignees being that the cornstalks and grass grown on the leased land should not be cut and removed, but the land should be used by the assignees for consumption of stalks and grass continuously on the land until the end of the lease, the stalks and grass were a real estate interest and not personalty.   McClintock's Appeal, 71 Pa. 366; Benjamin on Sales (4 Am. Ed.), p. 138, note; Avitt & Robinson v. Farrell, 68 Mo. App. 668.   (2)   The attempted contract between the tenant and plaintiffs, affecting real estate and not being in writing, was void under the statute of frauds.   (3)   The tenant had no right without the landlord's written assent to assign or sublet the stalk fields and pastures.   R. S. 1899, sec. 4107.   (4)   The interest attempted to be bought by the assignees being real estate and not personalty, is not the subject of conversion; and, therefore, the justice of the peace had no jurisdiction of the case; and, therefore, the circuit court on appeal from the justice had no jurisdiction.   (5)   If plaintiffs had any cause of action on the facts of the case it was for trespass, not conversion.   See authorities supra.

*K. D. Cross* for respondent.

No briefs filed.

JOHNSON, J.—Respondents have moved that the judgment herein be affirmed for the reason that the defendant did not except to the action of the court in overruling his motion for a new trial and in arrest of judgment.   But the record shows that he did so except, consequently respondents' motion is overruled.

The plaintiffs commenced this suit before a justice of the peace where it was tried and appealed to the circuit court upon substantially the following statement: "Plaintiffs for their cause of action state that on the

28th day of November, 1902, they were lawfully possessed of their own property certain goods and chattels, to-wit: sixty acres of stalks and fifty acres of grass, situated and lying on the William Carson farm (describing it), . . . containing in all 129.80 acres of land to be the same more or less. Which said goods and chattels were then of the value of one hundred and twenty-five dollars. That afterwards to-wit, on the 28th day of November, 1903, said goods came into the possession of defendant who then and there unlawfully converted to his own use and disposed of the same, to plaintiffs' damages in the sum of," etc.

The facts were that defendant had leased the premises upon which the stalks and grass had been grown to one H. M. Thomas for the year ending March 1, 1903; that previous to the 28th day of November, 1902, said Thomas had leased a farm in the State of Kansas for the purpose of moving there, and had disposed of most of his personal property and sold the stalks and grass in controversy to the plaintiffs. He went to the State of Kansas, but left his wife and children in Missouri to follow him later. He also left some personal property in the house and on the premises which was to be sent to him afterwards. It was the understanding between Thomas and the plaintiffs that they had the right to consume the stalks and grass on the farm; and that they were to look after and care for the farm and erect a fence around the house to protect it from livestock. Plaintiffs turned their stock upon the stalks and grass standing on the land, but within a few weeks defendant turned them out and locked the gate that led into the premises. There was little or no controversy as to the facts and it is admitted that the property in dispute was of the value of $125. The case was submitted to the court, a jury having been waived, and judgment was rendered for plaintiffs and defendant appealed.

The defendant contends: "The contract and intent of the tenant and his assignees being that the cornstalks

and grass grown on the leased land should not be cut and removed, but the land should be used by the assignees for consumption of stalks and grass continuously on the land until the end of the lease, the stalks and grass were a real estate interest and not personalty." In McClintock's Appeal, 71 Pa. 365, it was held: "In reservation of growing timber, whether it be personalty or realty depends on the nature of the contract. If an immediate severance is not contemplated, such reservation is an interest in the land; if an immediate severance is in view, it is personalty." That was a case where the land had been sold with a reservation of the timber. In Benjamin on Sales (7 Ed.), p. 133, the author says: "As to natural productions (*fructus naturales*), such as grass, fruit, growing trees, etc., the prevailing and better rule now is that if, by the fair interpretation of the contract, the thing sold is to be immediately or within a reasonable time severed from the soil and carried away, and is not to be left to grow and attain additional strength and increase from the earth, the sale is that of personal property and not an interest in land." But, "as to artificial or annual crops, the law is quite clear that a sale thereof, in whatever state of maturity, and however long they are to remain in the soil in order to complete their growth, is a sale of personal property, and not of an interest in land." [Idem, 134.] "Grass rooted in the ground is, for the purpose of sale, personal property; and the purchaser has possession sufficient to sustain trespass, though he is not the owner of the land, or a tenant thereof." [Avitt v. Farrell, 68 Mo. App. 665.]

There can be no doubt under all these authorities but what the stalks being *fructus industriales*, or an artificial crop, were personal and in no sense real property, as they were mature at the time. As Thomas, the tenant, was the owner of the grass with the right to remove or consume it under his lease, it was also personal property.

And the right continued until the expiration of his lease on the first day of March, 1903.

The sale by Thomas to plaintiffs was not in the nature of an assignment of his lease and, therefore, void, because made without the written consent of his landlord. It is true it was contemplated that plaintiffs would have the right to consume the crops where grown upon the leased premises. But it was further shown that they were to look after and care for the property and guard the house against injury from their stock by building a fence around it. Plaintiffs were left in possession, not as tenants, but as the servants of the tenant. As long as Thomas' lease lasted, he had the right to both stalks and grass and, in exercising his right, could, if he chose, sever the crops from the soil by having them consumed in grazing. He gave this right to plaintiffs, his servants, in payment of their wages in caring for the demised premises during his absence. To say that he could not do this would be to take his property from him and give it to his landlord without any breach on his part of the contract of lease. His act did not serve to convert the stalks and growing grass from personalty to a parcel of the real estate. They remained personal property in the hands of plaintiffs and their seizure by defendant before the end of the leasehold term was a conversion of personal property, for which an action in the nature of trover will lie. It is immaterial that the grass could not have been taken in replevin because of the impossibility of manually severing it from the soil at that season of the year. As stated, that part of the grass that could have been severed by grazing animals was personalty and it is the unauthorized taking of or intermeddling with the personal property of another that fixes a liability in conversion.

The judgment is affirmed. All concur.