# Johnson, Appellant, v. Bumpus.

*Contract—Sale of timber—Breach of contract.*

Where a person purchases all of the timber on a tract of land with the right to cut and remove the same from the land, and in pursuance of the contract he enters upon the land and expends money in cutting down the timber and shaping it for marketable use, the owner of the land cannot prevent him from removing the timber thus cut and shaped without making due compensation therefor.

Argued May 20, 1907. Appeal, No. 36, April T., 1907, by plaintiff, from order of C. P. Warren Co., Dec. T., 1903, refusing to take off nonsuit in case of Theodore Johnson et al. v. A. W. Bumpus. Before RICE, P. J., PORTER, HENDERSON, ORLADY, HEAD and BEAVER, JJ. Reversed.

Assumpsit for breach of contract. Before LINDSEY, P. J. The opinion of the Superior Court states the case.

*Error assigned* was the order of the court.

*T. L. Hampson,* with him *Edward Lindsey,* for appellants.— In an action for breach of such a contract actual damages may be recovered, and even if no actual damages be shown the plaintiff is entitled to a verdict for nominal damages : Stephens v. Barnes, 30 Pa. Superior Ct. 127 ; Carner & Johnston v. Peters, 9 Pa. Superior Ct. 29 ; McCafferty v. Griswold, 99 Pa. 270 ; Rineer v. Collins, 156 Pa. 342 ; Gray v. Howell, 205 Pa. 211 ; Swayne v. Swayne, 19 Pa. Superior Ct. 160 ; Sausser v. Steinmetz, 88 Pa. 324 ; Thompson v. Sheplar, 72 Pa. 160 ; Bell v. Andrews, 4 Dallas, 152 ; Ewing v. Tees, 1 Binn.

450 ; Bowser v. Cessna, 62 Pa. 148 ; Fry v. Flick, 10 Pa. Superior Ct. 362.

If the parol contract has been so far in part executed that it would be unjust to rescind the same it will be enforced specifically in equity, and the same rule will be applied in courts of law in actions for damages : Jamison v. Dimock, 95 Pa. 52 ; Brownfield v. Brownfield, 151 Pa. 565 ; McGibbeny v. Burmaster, 53 Pa. 332 ; Milliken v. Dravo, 67 Pa. 230 ; Ballas v. Wolff, 11 Pa. Superior Ct. 150 ; Hudson v. Watson, 2 Pa. Superior Ct. 422.

*C. W. Stone*, with him *R. W. Stone*, for appellee.—The timber sold, according to Stanford's testimony, was to be taken off in his discretion, when he " got ready." This left it an interest in land and subject to the statute of frauds : Pattison's Appeal, 61 Pa. 294 ; McClintock's Appeal, 71 Pa. 365 ; Huff v. McCauley, 53 Pa. 206 ; Miller v. Zufall, 113 Pa. 317 ; Rogers v. Gilinger, 30 Pa. 185 ; Leidy v. Procter, 97 Pa. 486–492.

Every parol contract is within the statute of frauds and perjuries, except when there has been such part performance as cannot be compensated in damages : Moore v. Small, 19 Pa. 461.

OPINION BY ORLADY, J., October 7, 1907 :

The court below entered a nonsuit and subsequently refused to lift it, for the reason that there was not sufficient evidence on the facts as developed in the plaintiff's testimony. On July 1, 1899, the plaintiff purchased, by a parol agreement, from the defendant, all the timber on a described tract of land, at a price which was paid in full ; the plaintiff entered into possession, expended money in making improvements, roads, etc., cut down and removed some of the timber, when on December 10, 1901, the defendant stopped plaintiff from cutting any more timber and from removing from the tract some already cut down and made into logs and railroad ties. The action was in assumpsit to recover damages for the breach of the contract, and the statement of claim embraces two specific items of claim, first, for the manufactured logs and ties remaining on the land, and, second, for the timber standing at the time the defendant gave his notice.

The testimony showed some controversy as to the time within which the timber was to be removed, the plaintiff contending that he was to have three years, and the reason given for stopping further operation, was that the defendant claimed they had but one year.   Whichever time might be established to the satisfaction of a jury, the contract was for the sale of the timber alone, the title to or estate in the land not being involved: Robbins v. Farwell, 193 Pa. 37.   In reservations of growing timber, whether it be personalty or realty, depends on the nature of the contract and the intent of the parties: McClintock's Appeal, 71 Pa. 365; Stephens v. Barnes, 30 Pa. Superior Ct. 127.   But as to the timber cut down and made into marketable shapes, the plaintiffs had, with the consent of the defendant, expended time and money in the furtherance of the contract.   The whole purchase price having been paid, and the defendant having agreed that the timber should be severed from the real estate, and when so converted into personalty, removed from the land, he cannot retain the fruits of the plaintiff's expenditures without compensating him therefor.

Having shown the actual damages sustained as to this branch of the case, it should have been submitted to the jury under proper instructions as to the measure of damages.

The judgment is reversed and a venire facias de novo awarded.