## Vogelbacher v. Walker, Collector of Taxes.

*Taxation—Local taxes—Timber—Personal property.*
Where standing timber is sold subject to removal within a term of ten years, such timber is personal property and not subject to taxation for county, school, poor or road purposes.

Bill for injunction. C. P. Wayne Co., Oct. T., 1924, No. 2, in Equity.

*M. E. Simons,* for plaintiff; *T. F. Gallagher,* for defendant.

SEARLE, P. J.—This is a bill in equity asking for an injunction to restrain the Collector of Taxes of Salem Township, in Wayne County, Pennsylvania, from collecting taxes assessed upon timber land.

Bill was filed Jan. 20, 1925, and the following agreement was entered into between counsel for the plaintiff and the defendant: "It is agreed by the plaintiff and defendant that the above stated proceedings may be presented to court in typewritten form, with the same force and effect as if the same had been printed. It is further agreed that a temporary injunction may be

issued as prayed for in the above stated proceedings, and that the same may be made permanent if, in the opinion of the court, the property of the plaintiff, as stated in said proceedings, is not subject to assessment or liable to taxation, and if, in the opinion of the court, the said property is subject to assessment and taxation, then the said preliminary injunction shall be dissolved."

### Facts.

There is no dispute about the facts in this case, and the court finds the following essential facts:

That A. B. Walker is a resident of Salem Township, Wayne County, Pennsylvania, and collector of taxes for said township for the years 1923 and 1924.

That the plaintiff, on or about Jan. 5, 1922, contracted with one James Butler for the purchase of "all the timber now standing and growing in and upon the property known as the Simons and Gillett property, situated, lying and being in the Township of Salem, County of Wayne and State of Pennsylvania," and also all the timber standing and growing in and upon that certain tract of land adjoining the above-described tract of land. The acreage of the entire property covered by the agreement being 350 acres, more or less.

That the plaintiff is entitled to free ingress and egress upon said land for the purpose of cutting and carrying away said timber for ten years from Jan. 1, 1922, and after that time the right of the plaintiff to any of the said timber upon said land not cut and removed shall absolutely cease.

That the county commissioners assessed the timber and trees for $5000, and upon said valuation there was levied the county, school, poor and road taxes to the amount of $140, with 5 per cent. added for non-payment, making a total of $147. The plaintiff received no notice of the assessment until he was notified by the said collector that the taxes were due and unpaid.

That the plaintiff appealed to the County Commissioners of Wayne County from such assessment, and was notified that they would take this matter under advisement. Plaintiff was never notified by the county commissioners of their decision not to change said assessment, and, therefore, was denied the right of appeal from the decision of the county commissioners.

That on Oct. 1, 1924, the tax collector levied upon the personal property of the plaintiff for the said taxes. Whereupon plaintiff agreed to pay the said taxes, provided it was determined that the said taxes were legally and properly levied.

### Discussion.

This case needs little discussion. The authorities of Pennsylvania are clear that where timber is sold to be removed in a certain length of time, such timber is not assessable as personal property: McClintock's Appeal, 71 Pa. 365.

Under authority of Johnson v. Bumpus, 34 Pa. Superior Ct. 637, and Strause v. Berger, 220 Pa. 367, the timber involved in this controversy must be regarded as personal property: Rickol v. Seaton, 61 Pa. Superior Ct. 334 (1915). See, also, Strunk v. Coal Co., 271 Pa. 148; Bennett v. Vinton Lumber Co., 28 Pa. Superior Ct. 495; Robbins v. Farwell, 193 Pa. 37; Moore's Appeal, 4 Dist. R. 703.

In Robbins v. Farwell, 193 Pa. 37, 44, Mr. Justice Dean said: "We held in Pattison's Appeal, 61 Pa. 294, as follows: 'We regard a contract for standing timber on a tract of land, to be taken off at a discretion as to time, as an interest in land and within the statute of frauds and perjuries.' But then, in McClintock's Appeal, 71 Pa. 365, the distinction between a contract to take

off the timber at discretion and one contemplating an immediate severance is thus pointed out: 'In agreements for the reservation or sale of growing timber, whether the timber is to be regarded as personal property or an interest in real estate, depends on the nature of the contract and the intent of the parties. If the agreement does not contemplate the immediate severance of the timber, it is a contract for the sale or reservation of an interest in land. . . . But when the agreement is made with a view to the immediate severance of the timber from the soil, it is regarded as personal property."

### Conclusion of law.

The only conclusion to be arrived at in this case is that this timber sold became personal property and was not liable for taxes and that the assessment should be stricken from the record and the injunction heretofore agreed upon to restrain the collection of these taxes be made permanent, the case having gone, upon agreement of counsel, to a final hearing upon the bill and their agreements.

### Decree.

Now, to wit, July 18, 1925, a decree nisi is entered, first, that the assessment in this case be stricken from the record; and, second, that the tax collector, A. B. Walker, is permanently restrained from collecting these taxes. And the clerk is directed to enter this decree and give notice to the parties, and, by agreement of counsel, this decree to become absolute and so entered on the record unless exceptions are taken thereto within ten days.

The only costs are the record costs, and it is directed that these be paid by the County of Wayne.

From A. G. Rutherford, Honesdale, Pa.