Similarly, in Brown v. Hartzell , 87 Mo. 564 (1885), the plaintiff was the record title owner of property, and sought to pursue a statutory trespass claim against the defendant "for cutting and carrying away poplar trees from the described premises." Id. at 567. Like the statute at issue in this case, the statute involved in Brown provided that, if a person removed trees from "the land of any other person," "the person so offending shall pay, to the party injured , treble the value of the thing so injured, broken, destroyed or carried away." § 3921, RSMo 1879 (emphasis added).
The evidence in the Brown case indicated that, although plaintiff held record title to the property, he "was never in the actual possession of the land." Id. Instead, it appeared from the evidence that the defendant had been in possession of the property at the time the trees were removed, pursuant to an aborted transaction to purchase the property from the plaintiff's grantor. Citing Cochran and other cases, the Supreme Court in Brown once again emphasized that actual or constructive possession was necessary in order to prosecute a statutory trespass action:
This action of trespass can only be maintained where the plaintiff is in the actual or constructive possession of the premises. There is no evidence of actual possession on the part of the plaintiff ... in the case. The possession is constructive when the property is in the custody and occupancy of no one, but rightfully belongs to the plaintiff. In that case the title draws to it the possession. The foregoing principles of law have been repeatedly asserted by this court.
Id. at 568 (citations omitted). Numerous other cases reach the same result: despite the fact that the statute itself authorizes suit by "the party injured," the plaintiff must be in actual or constructive possession of the property in order to state a statutory trespass claim.[2] While these cases are older, to our knowledge they remain good law, and we are bound to follow them.
The Lewises cite to a series of cases which state that " '[a] cause of action brought under this penal statute [ (i.e. , § 537.340.1, RSMo ) ] differs from a cause of action brought under common law trespass.' "
*448 Hale v. Warren , 236 S.W.3d 687, 695 (Mo. App. S.D. 2007) (quoting Ridgway v. TTnT Dev. Corp. , 26 S.W.3d 428, 435-36 (Mo. App. S.D. 2000) ).[3] None of these cases suggests, however, that the causes of action differ with respect to the requirement that a plaintiff be in possession of the property on which the trespass occurs. Instead, these cases distinguish between common-law and statutory trespass (1) in discussing the measure of damages; (2) to emphasize that the statutory cause of action requires more than mere unauthorized entry onto another's land; or (3) in the course of holding that the two causes of action are distinct and must be separately pleaded. Indeed, in one of these cases, the Court acknowledged that, "while the action for treble damages may be a separate and distinct cause of action from the common-law action of trespass or trover, the line of demarcation is fine, and they all belong to the same general classification [.]" Hunter Land & Dev. Co. v. Caruthersville Stave & Heading Co. , 9 S.W.2d 531, 533 (Mo. App. 1928) (emphasis added). Nothing in the cases the Lewises cite suggests that the plaintiff's actual or constructive possession of the affected property does not remain a prerequisite to a statutory trespass claim.
The Lewises also emphasize that, in 2000, the legislature added the final sentence to § 537.340.1, which provides that "[a]ny person filing a claim for damages pursuant to this section need not prove negligence or intent." H.B. 1097, 2000 Mo. Laws 234, 235. As the Lewises point out, the addition of this sentence was apparently intended to overrule cases which had held that, in order to state a claim under the statute, "it is required ... that there be an intentional act; i.e. an intent to enter the land which results in the trespass." Fondren v. Redwine , 905 S.W.2d 156, 157 (Mo. App. E.D. 1995) (citations omitted). The statutory amendment in 2000 reduced (or eliminated) the requirement that a defendant act with a particular state of mind. That amendment says nothing, however, about the requirement established by the Missouri Supreme Court more than a century earlier, that a plaintiff must be in actual or constructive possession of the property on which the trespass occurred in order to state a claim under § 537.340.
Because the allegations of the Lewises' Petition establish that they were not in actual or constructive possession of the Warrensburg property when the Respondents removed timber from it, the circuit court properly held that the Lewises could not state a claim for statutory trespass under § 537.340.1.[4]
Conclusion
The judgment of the circuit court is affirmed.
All concur.

See , e.g. , More v. Perry , 61 Mo. 174, 175 (1875) (in a statutory trespass action, "[t]he necessary averment in the petition, therefore, is that the defendant has forcibly and wrongfully injured the property in the possession of the plaintiff, and under the general issue the plaintiff must prove that he was rightfully in possession as against the defendant at the time the injury was committed.") (citations omitted); Brown v. Carter , 52 Mo. 46, 48 (1873) ("This action can be maintained only where the plaintiff is in the possession of the close at the time of the commission of the trespass. It is an action for injury to the possession, which may be actual or constructive. But if the defendant be in the actual possession the action cannot be maintained, and plaintiff's remedy is by ejectment.") (citation omitted); Robertson v. Welch , 246 S.W.2d 828, 830 (Mo. App. 1952) ("the Missouri cases uniformly hold that an action in trespass can be maintained against a trespasser by a party in possession"; " 'possession alone, is sufficient to maintain an action of trespass as against a stranger.' " (citations omitted) ); Avitt v. Farrell , 68 Mo. App. 665, 667, 669 (1897) (" 'It is well settled that in order to maintain an action of trespass under the statute, the plaintiff must be in the possession of the property injured"; instruction which required jury to find only that plaintiff was the property's owner "was wrong in omitting the all-important disputed question of possession being also in plaintiffs"); Harris v. Sconce , 66 Mo. App. 345, 347 (1896) ("All the evidence concedes that, at the date of the alleged trespasses, the defendants were in the adverse possession of the lands under a claim of title. This action, therefore, under the decisions in this state, could not have been maintained against them even if the legal title were in the plaintiff." (citations omitted) ).

See also , e.g. , Porter v. Fitch , 727 S.W.2d 161, 164 (Mo. App. W.D. 1987) ; Crews v. Tusher , 651 S.W.2d 677, 679 (Mo. App. S.D. 1983) ; Harris v. L.P. & H. Constr. Co. , 441 S.W.2d 377, 382 (Mo. App. 1969) ; Hunter Land & Dev. Co. v. Caruthersville Stave & Heading Co. , 9 S.W.2d 531, 533 (Mo. App. 1928) ; King v. Sligo Furnace Co. , 190 S.W.368, 371 (Mo. App. 1916).

On appeal, the Lewises argue only that plaintiff's possession of the relevant property is not an element of a statutory trespass claim under § 537.340. They do not argue that, if a "possession requirement" exists, they fall within an exception to that requirement based on the specific circumstances of this case. We decide only the issue the Lewises have presented.