J-S07018-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| RANDY E. HOFFMAN AND SHERRY L. HOFFMAN, HIS WIFE | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | No. 920 WDA 2020 |
| SCOTT A. GONGAWARE AND KERN BROTHERS LUMBER COMPANY A/K/A KERN BROTHERS LUMBER COMPANY, INC. | : | |

Appeal from the Judgment Entered November 16, 2020
In the Court of Common Pleas of Somerset County Civil Division at
No(s): 503 Civil 2014

BEFORE: SHOGAN, J., DUBOW, J., and KING, J.

MEMORANDUM BY DUBOW, J.:                    **FILED: APRIL 12, 2021**

Appellants, Randy E. Hoffman and Sherry L. Hoffman, appeal from the Judgment entered in the Somerset County Court of Common Please following a non-jury trial verdict in favor of Appellees, Scott A. Gongaware ("Appellee") and Kern Brothers Lumber Company ("Kern") (collectively, "Appellees") in this Conversion and Unjust Enrichment action in which the parties dispute the nature of a reservation of timber rights in a deed. After careful review, we affirm.

**Facts**

The facts, as gleaned from record, including the trial court's January 10, 2017 and July 22, 2020 Opinions and the Opinion of a prior panel of this

Court,[1] are as follows. Appellants were the owners of a 20-acre parcel of land ("the Property") on which a crop of timber existed and Appellants had built a home. On October 12, 1977, Appellants conveyed the Property to Consolidation Coal Company ("Consol") by a deed recorded the following day ("the Deed").[2] Relevant to this appeal, the Deed contained an "Exception and Reservation" clause ("the Timber Clause") that reserved some rights to Appellants, and to their heirs and assigns, to harvest timber from the Property and required Consol to provide Appellants with six-months' notice to harvest the timber before Consol commenced strip-mining activities on the Property.[3] Within two years of their conveyance of the Property to Consol, in either 1978

_____

[1] **See Hoffman v. Gongaware**, 186 A.3d 453 (Pa. Super. 2018) (reversing order sustaining preliminary objections and remanding for consideration of parol evidence to construe reservation clause of Deed).

[2] Consol was a business engaged in, among other things, strip-mining.

[3] The relevant clause of the Deed provides as follows:

> ALSO EXCEPTING AND RESERVING unto the grantors, their heirs and assigns, all of the timber on the premises hereby conveyed and all necessary and convenient rights for the removal thereof, provided that the grantors, their heirs and assigns, must exercise said right upon six (6) months written notice by the grantee, its successors or assigns, and provided further, that such operations by the grantors, their heirs and assigns, do not interfere with the coal mining operations of the grantee, its successors or assigns.

Deed, 10/12/77.

or 1979, Appellants "clear cut" and sold all of the Property's marketable timber pursuant to the Timber Clause.[4]

In 1984, Consol conveyed the Property, subject to the Timber Clause, to its subsidiary Reserve Coal Properties Company. On June 28, 2004, Reserve Coal Properties Company conveyed the Property to Appellee Gongaware, "subject to all exceptions, reservations[,] and all other matters affecting title as set forth in" the Deed.

In 2012, Appellants learned that Appellee Gongaware had entered into an agreement with Kern to harvest timber from the Property, and that Kern had harvested the timber for which Kern paid Mr. Gongaware $6,500.

**Procedural History**

In 2014, Appellants filed a Complaint against Appellees alleging Conversion and Unjust Enrichment, and seeking damages, including statutory treble damages under 42 Pa.C.S. § 8311(a)(2)(i) for the removal of the timber without their consent.[5]

---

[4] Consol never provided Appellants with the specified six-month notice to harvest the timber and never conducted the contemplated strip-mining operations because the coal market "became challenged." Trial Ct. Op., 7/22/20, at 4-5.

[5] Appellants also sought injunctive relief. However, because Appellee had sold the Property in 2016 and the trial court viewed Appellant's claim for injunctive relief as implicating the current owner's interest, Appellants withdrew the claim for injunctive relief rather than join the current owner as a party to this action.

Appellees filed Preliminary Objections. The trial court sustained the Preliminary Objections and dismissed the Complaint after finding that the Timber Clause conveyed an interest in the timber as personal property to be harvested within a short period of time after the conveyance, and did not grant Appellants a perpetual interest in the land. Trial Ct. Op., 1/10/17, at 5 (unpaginated). Therefore, the court concluded, Appellants had "no property interest, either real or personal, in the timber existing on the premises at the commencement of these proceedings." *Id.* at 6 (unpaginated).

Appellants filed an appeal to this Court, and we reversed the Order of the trial court and reinstated Appellants' Complaint.[6] *See Hoffman v. Gongaware*, 186 A.3d 453, 454 (Pa. Super. 2018) ("*Hoffman I*").

On June 9, 2020, this matter proceeded to a non-jury trial at which the court considered two primary issues: (1) whether the parties to the Deed intended the Deed's Timber Clause to create a perpetual interest in the land or a personal property interest in the land; and (2) the appropriate measure of damages, if any, under 42 Pa.C.S. § 8311.

---

[6] This Court held that "[t]he intent of the parties and the nature of the reservation at issue cannot be determined based upon the pleadings and their attachments in the instant case. Indeed, this is a fact specific inquiry and the trial court will need to look to extrinsic or parol evidence in making its determination. Thus, the matter is not properly disposed of by preliminary objections in the nature of a demurrer." *Hoffman I*, 186 A.3d at 461-62.

- 4 -

At trial, Appellants presented their own testimony that they intended the reservation contained in the Timber Clause to be for life.[7] They also presented the testimony of Joseph Policicchio, Esquire, the attorney who drafted the Deed. Attorney Policicchio testified that he did not specifically recall which parts of the Deed he had drafted, but he knew that, in the Timber Clause, Appellants intended to retain a "perpetual right to the timber[.] N.T., 6/9/20, at 97-98, 102-03. Attorney Policicchio also testified that he would have included the "heirs and assigns" language in the Timber Clause whether he was drafting it with the intent to create a real property interest or a personal property interest. *Id.* at 107.

Appellees presented the testimony of William Stanhagen, who led Consol's acquisition division at the time it purchased the Property. Mr. Stanhagen testified that he did not specifically recall the Deed but, generally, when Consol purchased a property with a timber reservation like the Timber Clause in the Deed it was a "one-time reservation" for the "timber that was marketable at that time" and it expired as soon as that timber had been removed. *Id.* at 192. Mr. Stanhagen explained that Consol had this policy because, generally, after Consol had strip-mined a parcel, it would reclaim and sell the property. *Id.* at 195. Allowing a grantor to retain a perpetual

---

[7] Appellants and Appellees both elicited testimony from Appellee Gongaware who, although he had no first-hand knowledge of the parties' intent at the time of the Deed, testified to his understanding of Appellants' interest in the Property at the time Reserve Coal Properties Company conveyed it to him and Appellants' entitlement to treble damages under Section 8311.

right to harvest any regenerated timber would make the property too difficult to sell and significantly decrease its value. *Id.* Mr. Stanhagen also testified that Consol included "heirs and assigns" language in all of its deeds that reserved timber rights in the prior owner in the event that the prior owner died before exercising its one-time right to harvest the timber. *Id.* at 200.

On July 22, 2020, the trial court issued an Opinion and Verdict in favor of Appellees. After reviewing the testimony and evidence presented at trial, completing an extensive survey of the case law pertaining to timber reservations, and considering the Timber Clause in the context of the other provisions in the Deed, the trial court concluded that the Timber Clause created a personal property interest in the timber that terminated when Appellants harvested the timber in either 1978 or 1979. Trial Ct. Op., 7/22/20, at 17-24.

In particular, the trial court construed the language of the Timber Clause to mean that the parties intended to transfer an "identifiable quantum of timber—the timber on the premises at the time of the agreement—not timber that the land would go on to produce." *Id.* at 17. The court concluded that, because the timber was personal property, Appellants had to remove it within a reasonable time. The court also concluded that, based on the evidence that Consol generally commenced strip mining within three years of acquiring property, three years was the reasonable amount of time Appellants had to remove the timber from the property. *Id.* at 23 n.11. Because Appellants did not possess either a real or personal property interest in the Property in 2012

when Appellee Gongaware and Kern timbered it, the court concluded that Appellants were not entitled to any relief on their claims.

Appellants filed a timely Post-Trial Motion, primarily challenging the weight the trial court gave to the evidence presented at trial, which Appellants argued demonstrated that the intent of the parties was to create a permanent reservation of timber rights. N.T. Hearing, 8/26/20, at 7-9. The trial court denied Appellants' Motion that same day. Following the entry of Judgment, Appellants timely appealed.[8]

Appellants raise the following issues on appeal:

[1.] Whether the [l]ower [c]ourt erred in ruling and issuing a verdict in favor of Appellees on the basis that Pennsylvania [s]tatutory [l]aw and [j]urisprudence dictate that the [Timber Clause] in the [D]eed was a reservation of land and thereby a perpetual ownership right[?]

[2.] Whether the [l]ower [c]ourt erred when reviewing the nature of the [D]eed and the intent of the parties who created the [D]eed when [] Appellants, grantors therein, unequivocally testified they intended to create a perpetual ownership in timber on the premises[?]

[3.] Whether the [l]ower [c]ourt erred in failing to consider 21 P.S. § 521 as this statute creates a presumption that a timber or bark clause vests an interest in land versus personalty[?]

Appellants' Brief at 3.

**Standard of Review**

When reviewing a trial court's decision after a non-jury trial, our standard of review is well-established. "We may reverse the trial court only

---

[8] The trial court did not order Appellants to file a Pa.R.A.P. 1925(b) Statement and the trial court did not file a Rule 1925(a) Opinion.

- 7 -

if its findings of fact are predicated on an error of law or are unsupported by competent evidence in the record. As fact finder, the judge has the authority to weigh the testimony of each party's witnesses and to decide which are most credible." **Parker Oil Co. v. Mico Petro and Heating Oil, LLC**, 979 A.2d 854, 856 (Pa. Super. 2009) (citation omitted). The trial judge's findings must be given the same weight and effect as a jury verdict and will not be disturbed on appeal unless they are not supported by competent evidence in the record. **Levitt v. Patrick**, 976 A.2d 581, 589 (Pa. Super. 2009). "Furthermore, our standard of review demands that we consider the evidence in the light most favorable to the verdict winner." **Id.** (citation omitted).

This case involves the interpretation of a deed, which presents a question of law. "Our standard of review over questions of law is *de novo* and to the extent necessary, the scope of our review is plenary as this court may review the entire record in making its decision." **Kripp v. Kripp**, 849 A.2d 1159, 1164 n.5 (Pa. 2004).

> When interpreting deeds, this Court's primary objective must be to ascertain and effectuate the intent of the parties. When the language of the deed is free from ambiguity, the intent of the parties must be determined from the language of the deed. Conversely, when the language is ambiguous, intent is determined by the situation and conduct of the parties, surrounding circumstances, the object they had in view and the nature of the subject matter. Further, if the language in a deed is ambiguous, "then all of the attending circumstances **existing at the time of the execution of the instrument** should be considered to aid in determining the apparent object of the parties." **Starling v. Lake Meade Prop. Owners Ass'n, Inc.**, [] 162 A.3d 327, 341 ([Pa. ]2017) (citation omitted; emphasis in original).

***Russo v. Polidoro***, 176 A.3d 326, 329 (Pa. Super. 2017) (some citations and

quotation marks omitted).

It is well-settled:

> Whether growing timber is to be regarded as personal property or an interest in real estate in an agreement for its reservation or sale depends on the nature of the contract and the intent of the parties; that, if the agreement does not contemplate the immediate severance of the timber, it is a contract for the sale or reservation of an interest in land; but that, where the agreement is made with a view to an immediate severance, the timber is to be regarded as personal property.

***Hoffman I***, 186 A.3d at 461 (citing ***Strause v. Berger***, 69 A.818 (Pa. 1908)).

In their first two issues, Appellants challenge the trial court's

interpretation of the Deed.[9]  Appellants' Brief at 15-21.  Appellants essentially

challenge the weight the trial court gave to the evidence presented by the

parties and the court's conclusion that the parties intended the Timber Clause

---

[9] To the extent that Appellants claim that the trial court erred in considering parol evidence to aid in its interpretation of the Timber Clause, ***see*** Appellees' Brief at 15-18, we decline to consider it.  In ***Hoffman I***, we determined that the intent of the parties and the nature of the reservation at issue was not discernable from the pleadings and their attachments, including the Deed's plain language.  ***Hoffman I***, 186 A.3d at 461.  We, thus, concluded, that the intent of the parties was a "fact specific inquiry" and directed the trial court, on remand, to consider "extrinsic or parole evidence" to determine the parties' intent.  ***Id.***  Appellants did not further challenge this determination by filing a Petition for Allowance of Appeal with the Pennsylvania Supreme Court.

In light of this Court's expressed and settled finding that the intent of the parties was not clear from the plain language of the Deed, Appellants may not re-raise this issue, challenging the finding of ambiguity in the instant appeal. ***See Commonwealth v. Starr***, 664 A.2d 1326, 1331 (Pa. 1995) (explaining that "upon a second appeal, an appellate court may not alter the resolution of a legal question previously decided by the same appellate court[.]").

to reserve a time-limited personal property interest in the timber on the Property. *Id.* at 18-21. In support of this position, Appellants argue that the fact that Consol never strip-mined the Property or provided Appellants with notice to timber it "suggests that the exception and reservation continued in perpetuity." *Id.* at 20. Appellants also argue that their own testimony and that of Attorney Policicchio supports their claim that they intended to create a perpetual right to harvest the timber.

We review a weight of the evidence claim with the following in mind:

[a]ppellate review of a weight claim is a review of the [trial court's] exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence. Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence. One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice.

*Gold v. Rosen*, 135 A.3d 1039, 1041-1042 (Pa. Super. 2016) (citation omitted). Further, the court "is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses." *Haan v. Wells*, 103 A.3d 60, 70 (Pa. Super. 2014) (citation omitted).

Because the Timber Clause did not itself "conclusively define the nature of the conveyance," the court considered extrinsic evidence, including testimony presented by the parties. Trial Ct. Op. at 18. After considering this testimony, the trial court determined that the parties intended to treat the

timber as personal property and to grant Appellants a right to remove mature and already-existing timber within a definite period. *Id.* at 17, 19.

The court was persuaded that the parties intended to create a temporary, and not perpetual right to harvest timber by evidence that: (1) the parties agreed on the purchase price for the Property before they contemplated the Timber Clause, and did not change the purchase price after adding the Timber Clause; (2) Consol only conferred a perpetual right to harvest timber under extraordinary circumstances, which were not present in this case; (3) after Appellants clear-cut the Property in 1978 or 1979, they took no further action indicting they retained a perpetual right in the Property; (4) the parties entered into the agreement with the understanding that Consol would commence strip-mining activities within three years, strip-mining would destroy any unharvested timber, and the Property may never again produce timber; and (5) granting Appellants a perpetual right to indefinitely timber the Property would have impeded Consol's ability to resell the Property and would have rendered the Property less valuable. *Id.* at 18-24. In sum, the court credited "objective indications" of the parties' intent over Appellant's "now-purported intentions." *Id.* at 23.

Competent evidence in the record supports the trial court's findings. We cannot and will not reweigh the evidence relied upon by the court when it concluded that: (1) the Deed provided Appellants with the right to remove all timber existing on the Property at the time the parties executed the Deed; (2) because the parties intended strip-mining to begin on the Property within two

or three years of 1977, Appellants could not harvest any timber beyond those temporal limitations; (3) the Deed severed the timber from the Property, creating a personal property interest that Appellant's had a reasonable time to exercise; (4) Appellants exercised their right to the timber when they clear-cut the Property in 1978 or 1979; and (5) at the time Appellee Gongaware hired Kern to harvest the then-existing timber on the Property, Appellants did not possess any interest, either personal or real, in the Property's timber. *Id.* at 23-24. Accordingly, Appellants' first two issues garner no relief.

In their final issue, Appellants aver that the trial court erred in entering Judgment in favor of Appellees because, under Pennsylvania statutory law, a reservation of timber rights constitutes an interest in land, not personal property. Appellants rely on the statute governing timber deeds, which states:

> It shall be lawful for the owner or owners of land, timber or bark, or for any person or persons having an interest therein, to grant, bargain and sell, or contract to sell, by deed, conveyance or contract in writing, signed by the grantor or grantors therein, and proved or acknowledged by them, as now required by law of this commonwealth for the signing and acknowledging of deeds, all or any right, title, claim or interest such grantor or grantors may have in or to any standing or growing timber, or the bark thereon, upon any lands in this commonwealth; and *any such deed, conveyance or contract shall be taken and deemed as a deed, conveyance or contract conveying and vesting an interest in land*.

21 P.S. § 521 (emphasis added).

As aptly noted by the trial court, notwithstanding the language of Section 521, Pennsylvania case law has held that not all timber deeds create

- 12 -

an interest in land. Trial Ct. Op. at 12-16 (discussing ***Zitney v. Appalachian Timber Products, Inc.***, 72 A.3d 281 (Pa. Super. 2013); ***McClintock's Appeal***, 71 Pa. 365, 366 (1872); ***Wilson v. Irvin***, 1 Pennyp. 203 (Pa. 1881); ***Patterson v. Graham***, 30 A. 247 (Pa. 1894); ***Havens v. Pearson***, 6 A.2d 84 (Pa. 1939)).

Appellants have not developed their argument that the trial court erred by not simply applying Section 521 and entering Judgment in their favor with any discussion of the preceding authority or explanation for their conclusion that the trial court erred in relying on it. ***See*** Pa.R.A.P. 2119(a) (requiring that the argument section of an appellate brief include discussion of and citation to pertinent authority). Instead, Appellants merely assert that the trial court has "ignore[d] the statutory law and instead relie[d] on extrinsic evidentiary assumptions." Appellants' Brief at 22. Accordingly, we find Appellants' third issue waived. ***See***, ***e.g.***, ***In re Estate of Whitley***, 50 A.3d 203, 209-10 (Pa. Super. 2012) (explaining that the failure to cite relevant legal authority constitutes waiver of the claim on appeal).

Judgment affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/12/2021